# So. Ry. Co. *v.* Patterson.

*Action for Damages for Personal Injury Received in Alighting from a Moving Train.*

(Decided June 30th, 1906.  41 So. Rep. 964.)

*Carriers; Duty to Person Aiding Passenger to Board the Train.*— Plaintiff informed conductor that an old lady nearly blind and in need of assistance was about to take passage on his train; the conductor requested plaintiff to render the assistance and the passenger reqeusted plaintiff to render her· assistance; the train was started before plaintiff did alight. Held, it was

the duty of the conductor to give him a reasonable length of time to alight, and not having done so, the carrier is liable for injuries to such person received in alighting, if free from contributory negligence, after the starting of the train.

APPEAL from Jackson Circuit Court.

Heard before HON. W. W. HARALSON.

Action by Patterson against the Southern Railway Company for damages, the nature and character of which, together with the facts, sufficiently appear in the opinion of the court.

HUMES & SPEAKE, for appellant.—No brief came to the reporter.

JAMES A. BILBRO, for appellee.—No brief came to the reporter.

TYSON, J.—The plaintiff received his injuries from a fall caused by stepping from one of the defendant's passenger trains while moving. It was shown both by the averments of the complaint and his testimony that he had boarded the train for the purpose solely of assisting an old lady, who was nearly blind, at her instance and request, to take passage upon it; and before he could locate her in a seat the train began to move out of the station. According to the averments of the complaint and his testimony, he told the conductor in charge of the train, before boarding it, of the old lady's condition and of her need of assistance to get upon the train, and to secure a seat, and was requested by that officer to perform that service. It is undoubtedly the law that "a carrier owes a duty to persons who come upon a train accompanying passengers, with the intention of getting off before the train starts or for the purpose of meeting passengers who are about to alight. And especially is there such a duty when the passenger requires assistance which the servants of the carrier do not undertake to render. But if the servants of the carrier have no notice or knowledge of the intention of one thus coming on board to get off before the starting of the train, they owe him no additional duty as to affording him an op-

portunity to safely alight."—6 Cyc. p. 615. But where the conductor of the train knows or should have known that the only purpose of the person assisting a passenger, needing assitance to board the train, is to assist the passenger to a seat, he is bound to give such person a reasonable opportunity to alight before starting it. And if, after the train is started, the person alights from it, and is injured, and his act of alighting is not under such circumstances as to make him guilty of contributory negligence, he is unquestionably entitled to recover the damages suffered by him.—*L. & N. R. R. Co. v. Crunk,* 119 Ind. 542, 21 N. E. 31, 12 Am. St. Rep. 443; *Galloway v. C., R. I. & P. Ry. Co.,* 87 Iowa, 458, 54 N. W. 447; *Evansville & T. H. R. Co. v. Athon,* (Ind. App.) 33 N. E. 469, 51 Am. St. Rep. 303; Wood on Railroads, § 305, p. 1297, and note 2; 2 Redfield on the Law of Railways, p. 280; 4 Elliott on Railroads, §. 1578, p. 2458; note 29 Am. St. Rep. p. 54.

Mr. Elliott in his work cited above says: "There is some diversity of opinion as to whether one who enters a train for the purpose of assisting a passenger is to be regarded as a passenger, and there are cases which seem to hold that such a person is a passenger. We are unable to assent to this doctrine as broadly held by some of the cases, for it seems to us that the extraordinary duty of a carrier to a passenger, is not, as a general rule, owing to such a person, although we have no doubt that the railroad company owes to him the duty of exercising ordinary or measurable care. There may probably be cases where a person assists a passenger on a train, as, for instance, where the passenger is ill, feeble, too young to care for himself or the like, where it is proper to hold that the person needing the assistance is a passenger, but where there is no reason for rendering assistance the person giving it cannot, as we believe, be regarded as a passenger." We think the distinction here pointed out by the learned author is well taken. The illustration given by him of the condition of the person taking passage rendering it necessary to have an assistant to help him safely board or get off the train, brings such an assistant, rendering the requisite service, within the category with respect to the duty owing

by the carrier of a passenger, and where injury is suffered by such an assistant at the hands of the carrier in performing the service assumed by him, whether assumed at the instance of the passenger or the servant of the carrier whose duty it was to render it, in the absence of all explanation, the law presumes it was the result of the carrier's fault, and casts upon the latter the burden of overcoming the presumption, or of showing that diligence and a careful observance of duty could not have prevented the injury.

We fully concur in the view that the duty of the conductor not to start the train never arose in this case unless he knew or ought to have known that the plaintiff's sole purpose in going on it was to assist the lady to a seat. But we think the circumstances shown were such as to afford the reasonable inference that he did know or ought to have known that plaintiff boarded the train solely for that purpose. It is reasonable to suppose that plaintiff would not have approached him, and made known the infirmity of the old woman if he intended to take passage himself. Had he intended to do so it is more than probable he would have assisted the woman to board the train and to a seat without making known her condition and need of assistance to that servant of the defendant.—*L. & N. R. R. Co. v. Crunk, supra; Galloway v. C., R. I. & P. Ry. Co., supra.*

Nor can it be affirmed, as a matter of law, that plaintiff's alighting from the train, while moving, under the circumstances shown, was an act of negligence which would defeat his recovery. Whether it was or not was a question for the jury.—*Central Rail & Banking Co. v. Miles,* 88 Ala. 256, 6 South. 696; *North B'ham St. Ry. v. Calderwood,* 89 Ala. 247, 7 South. 360, 18 Am. St. Rep. 105; *Montgomery & Eufaula R. R. Co. v. Stewart,* 91 Ala. 421, 424, 8 South. 708; *Watkins v. Birmingham Ry. & Elec. Co.,* 120 Ala. 147, 152, 24 South. 392, 43 L. R. A. 297, and authorities there cited. There was clearly no duty on plaintiff to request the conductor to stop the train, after it started, for him to alight.—*Miles' Case, supra.* He had the right to get off, and if injured in doing so he may recover if the conductor knew or ought to have known what his purpose was in boarding

[Daniels v. Carney.]

it, there being no dispute but that he was diligent in the service he was rendering, and in getting off he did no more than a prudent and careful man would have done. And the breach of duty owing to him by the conductor in starting the train without giving him a reasonable opportunity to alight was clearly the proximate cause of his injury, just as much so as was the breach of duty the proximate cause of the injury recovered for in the case of *Central R. R. & Banking Co. v. Miles,* and other cases cited by us of a similar nature. We need only apply these principles to the points insisted on for a reversal in brief of appellant's counsel, except as to charge 8, to see that none of them are well taken.

Charge 8 was calculated to mislead the jury to the conclusion that the conductor must have had express notice that plaintiff was not a passenger, or did not intend to remain on the train.

Affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.