[McElvane v. Central of Ga. R. R. Co.]

# McElvane *v.* Central of Ga. R. R. Co.

## *Damage to Trespasser.*

(Decided Feb. 7, 1911.   54 South. 489.)

1. *Carriers; Persons Assisting Passengers; Injury; Liability.*— Where one, with the knowledge of the agent of the carrier, whose duty it is to assist passengers on and off the train, assists the passengers, the presumption is that such assistance is rendered with the carrier's approval, and the carrier must exercise the same degree of care towards such person as towards the passenger.

2. *Same; Who Are Passengers; Trespassers.*—One who goes on a passenger train, not for the purpose of taking passage, but to collect a debt from a passenger thereon, is a trespasser, and the railroad company owes him the duty only not to willfully or wantonly injure him and not negligently to do so after knowledge of his peril.

3. *Same; Complaint.*—Where the action was for injuries to one who had boarded a train to see a passenger on business, a complaint alleging that while the plaintiff was alighting and the train was moving at a speed not greater than two or three miles an hour, it made a violent start and while within a few hundred feet of the depot began running at the unlawful speed of not less than fifteen miles per hour, by reason of which the plaintiff was thrown from the steps, and that the resulting injuries were the direct results of the engineer beginning to run the train at an unlawful speed, does not state such negligence as would render the company liable to a trespasser, it not appearing that the engineer knew that the plaintiff was alighting when he increased the speed of the train.

4. *Same; Acts of Employee.*—A passenger train conductor did not have the right to prevent a trespasser, who had boarded the train at the station, from alighting therefrom while it was moving two or three miles an hour in leaving the station, and hence, his failure to prevent him from doing so was not negligence rendering the company liable for injuries sustained in the alighting.

5. *Station; Ringing Bell.*—It is negligence per se to fail to ring the bell or blow the whistle before leaving a station.   (Section 5473, Code 1907.)

6. *Same; Passengers; Trespasser; Failure to Give Signal.*—The failure to ring the bell or blow the whistle in starting the passenger train from the station was not the proximate cause of the injury to the trespasser who was jerked off the train by its sudden increase of speed while he was attempting to get off.

7. *Pleading; Conclusion; Complaint.*—An allegation in a complaint that fifteen miles an hour was an unlawful speed was a conclusion of the pleader in the absence of facts showing why such rate of speed was unlawful.

[McElvane v. Central of Ga. R. R. Co.]

APPEAL from Geneva Circuit Court.

Heard before Hon. MIKE SOLLY.

Action by G. B. McElvane against the Central of Georgia Railway Company for damages for injuries received while alighting from one of its passenger trains. Judgment for the defendant, and plaintiff appeals. Affirmed.

ESPY & FARMER, for appellant. A person going on a train to meet a passenger or to assist a passenger to alight or to board the train is not a trespasser.—*So. Ry. v. Patterson*, 148 Ala. 78. A person going upon a standing train at a station to converse with a passenger is not a trespasser.—*Letcher v. Central R. R. & B. C.*, 69 Ala. 108; 2 R. & M. Digest of Railway Law, 337. The allegations of count 1 show that the conductor knew that plaintiff was on the train seeking to alight and made no effort to prevent his injury.—*Duncan v. S. L. & S. F. R. R. Co.*, 152 Ala. 118; *Stanford v. S. L. & S. F.*, 50 So. 110; *L. & N. v. Young*, 45 So. 238; *Foshee v. C. of Ga.*, 125 Ala. 219; *Brown v. L. & N.*, 121 Ala. 221. It is negligence per se to start a train from a station without blowing the whistle or ringing the bell.—Sec. 5473, Code 1907.

R. D. CRAWFORD, for appellee. No brief reached the Reporter.

DOWDELL, C. J.—The plaintiff, appellant here, sues to recover damages for injuries sustained while attempting to alight from a moving train of the defendant. The complaint as originally filed contained three counts, to which was added a fourth count by way of amendment. To each of these counts a demurrer was interposed by the defendant and sustained by the court, and, upon failure of the plaintiff to plead further, a judgment was rendered in favor of the defend-

ant, and from which the present appeal is prosecuted.

At the time of plaintiff's injury he was confessedly not a passenger, nor was he assisting a passenger in getting on or off of defendant's train. He boarded the train while it was making its usual stop at the station for the purpose of letting passengers on and off, on his own private business, viz., to collect a debt owing to him from one who was a passenger on said train. The question is: What duty, in such a case, did the defendant carrier owe to the plaintiff?

It is insisted in argument by counsel for appellant that the case comes within the principle applied to one assisting a passenger on or off the train. To this we cannot assent. The conditions and circumstances are different, and the insistence is unsupported by sound reasoning. In the one instance, namely, that of assisting a passenger, the party assisting is performing a duty that the carrier may owe to the passenger in special cases, and, when so done with the knowledge of the carrier's servants or agents whose duty it is to assist passengers in getting on or off the train, the presumption is that it is done with the carrier's approval, and from this springs the doctrine of applying the same rule of care on the part of the carrier to the assisting party as to the passenger. In the case of *Central of Georgia Railway Company v. Letcher,* 69 Ala. 106, 44 Am. Rep. 505, cited and relied on as an authority for appellant's contention, the facts show that the plaintiff was assisting a lady boarding the train as a passenger, and such, also, were the facts in the cited case of *Southern Railway Co. v. Patterson,* 148 Ala. 77, 41 South. 964, 121 Am. St. Rep. 30. Nothing is said in either of these cases in support of appellant's insistence here. On the contrary, the reasoning seems opposed to appellant's views. We know of no case like

[McElvane v. Central of Ga. R. R. Co.]

the one before us ever having been decided by this court; indeed, counsel in argument say that after diligent search they have been unable to find any, and that the precise question has never before been passed upon by us.

Under the facts averred in the complaint, the plaintiff can but be regarded as a trespasser, and as such the duty of the carrier to him was not to willfully or wantonly injure him, or to negligently injure him after discovery of peril. There is no pretense that the injury complained of was willfully or wantonly inflicted, nor is it shown by the complaint that the alleged injury was the proximate consequence of any negligence on the part of the defendant after discovery of plaintiff's peril. It is averred in one of the counts of the complaint that while the plaintiff was in the act of alighting, and when the train was moving at not more than two or three miles an hour, "the said train made a violent and sudden lunge, and while still in the yard and while within a few hundred feet of the depot in said town of Hartford began running at the high and unlawful rate of speed of not less than fifteen miles an hour, and by reason of said lunge or sudden jerk and beginning of the running of said high rate and unlawful speed plaintiff was tripped or thrown from the steps of said train," etc.

The count concludes as follows: "Plaintiff avers that the injuries complained of in this court were the direct and proximate result of the engineer in charge of the engine by instantly putting or instantly beginning to run said train at a high and unlawful rate of speed." It is not averred that the engineer had any knowledge of the plaintiff's act of alighting from the train at the time of the alleged instant increase of speed. In the absence of a knowledge of plaintiff's

peril in attempting to alight from the train, the facts alleged would not constitute negligence. The averment that 15 miles an hour was an unlawful speed without any facts being stated to show what constituted that rate of speed unlawful is but an opinion of the pleader. The conductor had no right or authority to prevent the plaintiff from alighting from the train while the same was moving at the rate of two miles an hour, and consequently the count predicating a recovery on the charge of the failure of the conductor to prevent the plaintiff from alighting from the train states no cause of action.

In another count of the complaint the failure to ring the bell or blow the whistle before leaving the station is alleged. This was in violation of the statute.—Code 1907, § 5473. This in itself was negligence (*M. & C. R. R. Co. v. Copeland*, 61 Ala. 376; *C. of G. Ry. v. Letcher, supra*) ; but was the injury complained of the direct and proximate result of this negligence? In the case of *Central of Georgia Railway Co. v. Letcher, supra*, it was said: "The only injury which could have resulted to the plaintiff from the neglect to give the signals was the inconvenience of being carried from his home, the loss of time, and the labor or expense of returning. These were the immediate, direct consequences of the neglect. To avoid them he was not justified in putting in jeopardy life or limb; and if he should, and other injury result, the compensation he can rightfully demand is not increased." The plaintiff not being a passenger, and not being on the train by any invitation of the defendant, the defendant was under no duty, after the train was leaving the station, to stop for the plaintiff to get off; and, owing him no greater duty than not to willfully or wantonly injure

34—170

[Birmingham Railway, Light & Power Co. v. Jordan.]

him, our conclusion is that the court committed no error in sustaining the demurrer.

Affirmed.

ANDERSON, SAYRE, and SOMERVILLE, JJ., concur.