# Southern Railway Co. *v.* Norwood.

## *Injury to Passenger.*

(Decided February 12, 1914.   64 South. 604.)

1. *Carriers; Injuries; Setting Down Passenger.*—Either the stop must have been insufficient, or, if sufficient, the train must have been negligently started with knowledge of the danger of the passenger to render a carrier liable for an injury to a passenger caused while alighting from a train at a station.

2. *Same; Sufficiency of Stock.*—Where the facts were undisputed it became a question of law whether the stop was sufficient, the action being for injury to a passenger caused while alighting from a train at a station.

3. *Same; Statutory Provision.*—The provisions of section 5473, Code 1907, are not intended for the protection of a passenger who, having reached his destination, and having had ample time to alight, neglects to do so and remains upon the train without permission.

4. *Same; Instructions.*—A charge that it was the duty of the engineer to ring the bell or blow the whistle immediately before the train is put in motion, is erroneous in an action for an injury to a passenger caused as he was alighting from a train, in that it did not refer the duty to the time specified by section 5473, Code 1907.

5. *Same; Sudden Jerks and Jolts.*—Where the jerk is not in any way violent or unusual, the carrier cannot be said to be negligent in starting its train with a jerk and injuring a passenger while she was alighting.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by Eliza Norwood against the Southern Railway Company for damages for injuries sustained while alighting from one of its passenger trains. Judgment for plaintiff and defendant appeals. Reversed and remanded.

The substance of the evidence as bearing upon the matters discussed in the opinion was as follows: as a witness, plaintiff stated among other things, the following: when the train reached Courtland it stopped a little while. * * * I knew that the place where he stopped was Courtland and I knew that it was my des-

tination. * * * I do not know how long the train had been standing before it moved. I supposed I had plenty of time to get off. * * * The train had been standing there a moment. When the train stopped I did not get right up and walk out on the platform. It stood there a moment or two. I mean that it stood there a second or two. P. M. Harris, a witness for defendant, testified that as plaintiff went down the steps the train was backing at a speed of three or four miles an hour, and had gone about fifty feet, and that three or four other passengers got off the train, and six or seven got on the train while it was standing at the usual place. W. A. Tom, a witness for defendant, testified substantially to the same effect, and also that the train stopped for five or six minutes at the regular stopping place, and that three or four minutes elapsed between the time the other passengers got off and plaintiff. The flagman testified that this train stopped at Courtland for about five minutes, and the conductor testified that the train stopped to allow passengers to get on and off, that six or seven got off and an equal number got on, and that he stood at the foot of the steps until the passengers finished getting off and on and then went up to the baggage car. Neither the flagman nor the conductor saw plaintiff leaving the train, and both stated that at the time and place of plaintiff's exit the train was moving at a speed of four or five miles an hour, and that it gave no jerk. The evidence shows without conflict that the place where plaintiff fell was in front of Van's store, some fifty or sixty feet from the front of the station in the direction the train was backing, and also that plaintiff's train met and passed an opposite bound local passenger train at Courtland, the latter train passing over the main line while the train plaintiff was on was standing on the sidetrack.

[Southern Railway Co. v. Norwood.]

WERT & LYNN, for appellant. The eighth ground of demurrer to the complaint should have been sustained. —*N. B'ham R. R. Co. v. Liddicoat,* 99 Ala. 551; *Smith v. B. R. L. & P. Co.,* 41 South. 310. The statutory duty of the engineer prescribed by §5473, Code 1907, is not intended for the protection of the passenger who has had ample opportunity to alight after reaching his destination and fails to do so.—*C. R. & B. Co. v. Letcher,* 69 Ala. 106; *B. A. R. Co. v. Norris,* 59 South. 66. The court therefore erred in so instructing the jury. Under some circumstances it becomes the duty of the court to declare it negligent per se for a passenger to act as did this one.—*Hunter v. L. & N.,* 150 Ala. 594; *So. Ry. v. Morgan,* 54 South. 625; *L. & N. v. Dilburn,* 59 South. 438. Where passengers had been given a reasonable time to alight, or to board a train, the law does not impose upon trainmen the duty to know that all the passengers intending to alight at that station have alighted in safety.—*H. A. & B. v. Burt,* 92 Ala. 291; *B. A. R. Co. v. Norris, supra; L. & N. v. Dilburn, supra.*

CALLAHAN & HARRIS, for appellee. The only controverted question in this case was whether plaintiff was thrown or fell from the train because of a sudden jerk, and the consideration should be as to this issue.—*B. A. R. Co. v. Norris,* 59 South. 66. It was the duty of the engineer to blow the whistle or ring the bell before starting the train, and the court was not in error in so instructing.—§ 5473, Code 1907. The fact that the passenger remained on the train cannot relieve the company of the consequences of the negligent jerk in the starting of the train as she was alighting.—*So. Ry. v. Morgan,* 59 South. 433. The fact that she remained on the train after it reached her destination cannot be said to be a proximate contributing cause.—*L. & N. v.*

*Dilburn,* 59 South. 41. The questions were eminently questions for the jury.—*Hall v. Clayton,* 59 South. 235; *B. R. L. & P. Co. v. Lide,* 58 South. 990; *So. Ry. v. Morgan, supra.*

SOMERVILLE, J.—The gravamen of the complaint is that plaintiff, a woman of 35 years of age, and a passenger on defendant's train from Trinity to Courtland, was thrown off the train to the ground and injured by reason of the negligent operation of the train by defendant's servants.

Plaintiff's whole case is comprehended in her testimonial statement that after the train stopped at the Courtland station she went to the train door and, just as she started out on the top step with her hand on the railing, "the train started off with a jerk," breaking her hold, and throwing her to the ground.

In order to make out a case of actionable negligence against defendant with respect to her fall from the train, it was necessary for plaintiff to show either that the train started off prematurely without having given her reasonably sufficient time for alighting in safety; or else, if a sufficient stop had been made for that purpose, that one of defendant's servants in charge of the train knew or should have known that she was in the act of alighting, or in some place of peril, so that starting the train would subject her to the danger of being injured thereby, and, with knowledge or notice of such perilous position and danger, either started the train in motion, or negligently failed to prevent its starting by another.— *B. U. Ry. Co. v. Smith,* 90 Ala. 60, 8 South. 86, 24 Am. St. Rep. 761; *Highland Ave., etc., R. Co. v. Burt,* 92 Ala. 291, 9 South. 410, 13 L. R. A. 95, and cases cited; *C. of G. Ry. Co. v. McNab,* 150 Ala. 332, 43 South. 222; *Birmingham R. Co. v. Norris,* 4 Ala. App. 363, 59 South.

66; *L. & N. R. R. Co. v. Dilburn,* 178 Ala. 600, 59 South.
438; 6 Cyc. 613, IV.

Where the facts are undisputed, what is a reasonable
time is sometimes a question of law.—*C. & W. R. Co. v.
Ludden,* 89 Ala. 612, 7 South. 471. It here appears,
without material dispute in the evidence, that the plain-
tiff, who was able-bodied and without impediments other
than a hand bag, was allowed ample time for alighting
from the train while it stood on the siding at the usual
place at the station. Plaintiff herself admits this, and
it is not denied by counsel in brief.

It conclusively appears also that none of the train-
men knew or had any reason to suspect that the plain-
tiff was in the act of alighting, or in any place of dan-
ger, at the time the train began backing in order to get
upon the main track and resume its journey.

Plaintiff's counsel rely, however, on the proposition
that, regardless of knowledge by defendant's servants
that the plaintiff was in a place of danger, they were
negligent in starting the train with a jerk. This is not
the law, as often declared by this court.—*Mobile L. & R.
Co. v. Bell,* 153 Ala. 90, 45 South. 56; *B. R. L. & P. Co.
v. Parker,* 156 Ala. 251, 47 South. 138; *B. R. L. & P. Co.
v. Barrett,* 179 Ala. 274, 60 South. 262, 265. It does not
appear that the movement in question was sudden, vio-
lent, or in any way unusual, and, even if it so appeared,
there is nothing to show that it was in any degree a
breach of duty to this plaintiff.

Section 5473 of the Code provides, among other things,
that the engineer, or other person in charge of the en-
gine, "must blow the whistle or ring the bell immediate-
ly before, and at the time of leaving such stopping
place." The testimony of the conductor, fairly inter-
preted, shows that the engineer complied with this re-
quirement on the occasion in question, so that, if it were

conceded that the quoted provision prescribes a duty for the benefit of passengers on the train, there was nothing here of which plaintiff could complain.

While there are some general expressions in two earlier cases (*M. & O. R. R. Co. v. Copeland,* 61 Ala. 376, 379; and *G. O. R. R. Co. v. Letcher,* 69 Ala. 106, 109, 44 Am. Rep. 505) to the effect that the omission of this particular duty is negligence per se, and imposes liability for all injuries to person or property resulting therefrom, these dicta were afterwards qualified in *A. G. S. R. R. Co. v. Hawk,* 72 Ala. 112, 116, 47 Am. Rep. 403, where it was said: "These precautions (section 5473, Code 1907), so far as applicable to persons, are intended obviously for the benefit of the traveling public, and others who have a right to be warned of approaching trains, for their personal protection against injury. Passengers, who are on the trains, are not ordinarily included in the letter or spirit of the statute. They do not need such signals of warning for their protection, and they cannot therefore be construed to be entitled to them. * * * It may be proper to add that cases may possibly occur, where passengers, or other persons permissively on a train, are entitled to have such signals given, as a warning to hasten their departure from a train immediately before leaving a depot or stopping place, as the statute requires to be done."—citing *Doss v. M. K. & T. R. R. Co.,* 59 Mo. 27, 21 Am. Rep.. 371; and *G. O. R. R. Co. v. Letcher,* 69 Ala 106, 44 Am Rep. 505. In the *Letcher Case* the plaintiff had entered a passenger coach as the escort merely of a lady passenger, and, being delayed in the procurement of a seat for her, and no signals for starting being given (as he claimed), the train was moving four or five miles an hour when he reached the platform in his exit, and stepped off to the ground to his hurt. In the opinion it was declared that

"the only injury which could have resulted to the plaintiff from the neglect to give the signals for the departure of the train was the inconvenience of being carried from his home, the loss of time, and the labor and expense of returning."

But we need not now undertake to define with exactitude the restrictions to be placed upon the application of this provision of the statute to passengers, or to persons lawfully attending them on the train. As germane to the general subject, see *L. & N. R. Co. v. Markee,* 103 Ala. 160, 173, 15 South 511, 49 Am. St. Rep. 21; *Lewis v. So. Ry. Co.,* 143 Ala. 133, 38 South. 1023; *C. of G. R. R. Co. v. Martin,* 138 Ala. 531, 544, 36 South. 426; *Malcolm v. R. & D. R. R. Co.,* 106 N. C. 63, 11 S. E. 187; 6 Cyc. 613, IV. It will suffice to say that it is entirely clear that it was not intended for, and cannot be applied to the case of, those passengers who, having reached their destination, and having been accorded ample time for alighting, neglect to do so and remain upon the train without the permission of those in charge. Such persons are then no longer passengers. It follows that the special charge given to the jury at the instance of plaintiff that, "in addition to the duty of remaining a reasonable length of time for passengers to alight at the usual stopping place, it is the duty of the engineer to ring the bell or blow the whistle immediately before the train is put in motion," was erroneous as applied to the instant case, and should have been refused. The charge is faulty also in not referring the duty to the time specified by the statute—"immediately before, and at the time of leaving the station."

On the whole evidence, the jury could not properly find that defendant's servants, or any of them, were guilty of negligence in the management of the train with respect to plaintiff's mishap, and the general affirmative

charge should have been given as requested for defendant.

It is not necessary to consider the merit of the numerous other charges given and refused, and for the errors pointed out the judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.