# Whaley v. Louisville & Nashville R. R. Co.

## Injury to One Assisting Passenger.

(Decided April 23, 1914.  65 South. 140.)

1. *Carriers; Passengers; Persons Assisting; Liability.*—Where a person enters a train to assist a passenger to board it, with knowledge of the trainmen, the carrier owes such person the duty of exercising ordinary and reasonable care not to injure him, including the obligation to allow such person a reasonable opportunity to safely alight, if his intention to do so is known to the trainmen.

2. *Same; Licensee; Care Required.*—Where one enters a train to keep a passenger company until the departure of the train, such person is at best but a bare licensee, to whom the carrier owes only the duty of using due care to avoid injuring him when the trainmen discover him in a place of peril.

3. *Same.*—Where there was no evidence that the flagman saw the licensee, or that, if the flagman saw him, there was anything to suggest that such person was in danger of being injured, or that the flagman had time to signal the engineer to stop the train, the trainmen were not guilty of willful or wanton misconduct, and the carrier was not liable.

4. *Same; Issue; Proof and Variance.*—Where the complaint was founded on the theory that the person entered the train to assist an elderly person in boarding it, and that such person was injured while

on the train for that purpose, and the proof was that the person injured entered the train solely to keep the passenger company until the departure of the train, there was a fatal variance authorizing affirmative instruction for defendant.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Mary E. Whaley against the Louisville & Nashville Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

The complaint charges that plaintiff was injured while attempting to alight from defendant's passenger train at Cullman, by reason of the negligent conduct of said train by defendant's servants. The relation of plaintiff to defendant at the time of the injury is declared in the first count as follows: "While said passenger train was standing on the side track at the regular stopping place in Cullman, Ala., for the purpose of receiving passengers, the plaintiff, by and with the consent of the agent or servant of the defendant whose duty it was to permit persons to enter said train, and while acting within the scope of his employment, allowed plaintiff to enter said train with plaintiff's aunt, an elderly person, for the purpose of assisting her on said train, and securing a seat for her, the said aunt then being a passenger of defendant; and while plaintiff was on said train, for said purpose," etc. The second count is identical with the first, except that it declares plaintiff was allowed to enter the train for the purpose of rendering assistance to plaintiff's aunt, with notice that plaintiff was not a pasenger, and desired to disembark from the train before it left the station. Plaintiff's testimony is that her aunt was assisted on the train by herself and the flagman; that she then held a conversation with the flagman as to how long the train would stand there; that she then informed him that she would go into the

car and talk with her aunt, to which he made no objection; that she then, about two minutes after her aunt had entered the car, went in herself and saw her as she was taking her seat. Plaintiff's aunt testified that she went in the train by herself, and took her seat before plaintiff came in a minute or two later. From a directed verdict for defendant, plaintiff appeals.

J. B. BROWN, and A. A. GRIFFITH, for appellant. In the outset we desire to call the court's attention to the case of *So. Ry. v. Patterson,* 148 Ala. 77, as being exactly in point with the present case. Under the facts in this case plaintiff was not a trespasser nor a bare licensee, but was on the train at the tacit invitation of defendant who was under the duty to exercise ordinary care and diligence to avoid injuring her.—59 S. E. 398; 59 S. E. 704; 59 S. E. 1195; 100 S. W. 290; 119 Ind. 542; 99 S. W. 30; 56 Am. Rep. 609; 47 Am. Rep. 596; 15 L. R. A. 434. Under the evidence the question of negligence was one for the jury, and the court erred in directing a verdict for defendant.—*B. R. L. & P. v. Goldstein,* 61 South. 281; *Brown v. L. & N.,* 111 Ala. 275; *L. & N. v. Goss,* 137 Ala. 321; *R. & D. R. R. Co. v. Jones,* 92 Ala. 218; *Pantaze v. West,* 61 South. 144; 102 U. S. 451; 88 Fed. 197; 6 Cyc. 597.

GEORGE H. PARKER, and EYSTER & EYSTER, for appellee. Under the testimony, plaintiff was a bare licensee, and the theory of the complaint being opposed to the testimony, the court properly directed a verdict for defendant.—*C. R. R. & B. Co. v. Letcher,* 69 Ala. 106; *McElvane v. C. of Ga.,* 170 Ala. 529. In addition to this the pleas of contributory negligence were fully proven, which also entitled defendant to the affirmative charge. —*McDonald v. Mont. St. Ry.,* 110 Ala. 161.

SOMERVILLE, J.—The complaint is founded upon the allegation that the palintiff entered the defendant's car *for the purpose of assisting* an elderly woman who was embarking as a passenger, and that she was injured while on the car for *that* purpose. The complaint thus charges a quasi relationship between plaintiff and defendant, which devolved upon defendant the duty of exercising ordinary and reasonable care not to injure plaintiff, including the obligation to allow her a reasonable opportunity to safely alight, if her intention to do so was known to defendant's trainmen.—*Southern Ry. Co. v. Patterson,* 148 Ala. 77, 41 South. 964, 121 Am. St. Rep. 30; *L. R., etc., Ry. Co. v. Lawton,* 55 Ark 428, 18 S. W. 543, 15 L. R. A. 434, 29 Am. St. Rep. 48, and note; *Ill. Cent. R. R. Co. v. O'Keefe,* 168 Ill. 115, 48 N. E. 294, 39 L. R. A. 148, 61 Am. St. Rep. 97, and note; *Wickert v. Wis. Cent. R. Co.,* 142 Wis. 375, 125 N. W. 943, 20 Ann. Cas. 452, and note; *The City of Seattle,* 150 Fed. Cas. 159, and note.

But the evidence offered in support of the complaint shows clearly and conclusively that plaintiff did not enter defendant's car for the purpose of assisting her aunt, but only for the purpose of talking to her and keeping her company until the departure of the train. In such a case, although a visitor's presence be suffered without objection, the carrier is under no duty to look out for her safety. She is a trespasser, or at best a bare licensee, and the only obligation the law imposes upon the carrier is to use due care to avoid injuring her when its trainmen discover that she is in a place of peril. In short, the carrier's liability must be grounded on willful or wanton injury.—*McElvane v. C. of G. Ry. Co.,* 170 Ala. 525, 54 South. 489, 34 L. R. A. (N. S.) 715; *Arkansas, etc., R. Co. v. Sain,* 90 Ark. 278, 119 S. W. 659, 22 L. R. A. (N. S.) 910; *Lawrence v. Kaul Lum-*

*ber Co.,* 171 Ala. 300, 55 South. 111, 64 A. & E. R. R.
Cas. 141

It therefore appears that there is a radical variance
between the case counted on in the complaint and the
evidence offered in support of it; and, the rights and ob-
ligations of the parties being altogether different in the
two cases, the variance must be regarded as material
and fatal, and the trial court did not err in instructing
the jury to find for the defendant.—*A. G. S. R. R. Co. v.
McWhorter,* 156 Ala. 269, 47 South. 84; *B. R., L. & P.
Co. v. Lide,* 177 Ala. 400, 58 South. 990; *Maxie v. S.-S. S.
& I. Co.,* 181 Ala. 548, 61 South. 269.

It may be added that, even with an apt complaint, no
phase of the evidence could have supplied the necessary
inference of willful or wanton misconduct on the part of
any of defendant's trainmen with respect to plaintiff's
mishap; for, had the flagman seen plaintiff in the act
of alighting (and the evidence does not support the
claim that he did), there was nothing whatever to sug-
gest to him that she was in danger of being hurt; and
even had he apprehended danger to her, it does not ap-
pear that he had time thereafter to signal the engineer
and stop the movement of the train.

Appellant's argument and citations of authority are
applicable to the case made by the complaint, but have
no bearing upon the case actualy made by the evidence.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ.,
concur.