(87 South. 533)

## HURT v. SOUTHERN RY. CO.   (7 Div. 38.)

(Supreme Court of Alabama.   Jan. 13, 1921.)

**1. Railroads ⬥344(10)—Plea alleging failure to stop, look, and listen sufficient.**

In an action for injury at a crossing, a plea alleging that plaintiff failed to stop, look, and listen before attempting to cross track *held* sufficient without allegation that he was negligent in so doing.

**2. Negligence ⬥117—Allegation of facts importing contributory negligence per se sufficient.**

Where facts alleged import contributory negligence per se, it is not necessary to expressly characterize plaintiff's conduct as negligence.

**3. Railroads ⬥344(10)—Plea alleging failure to stop, look, and listen not impaired by allegation of negligence.**

In action for injury at crossing, a plea alleging plaintiff's failure to stop, look, and listen before attempting to cross track is not impaired by the allegation that plaintiff in entering on

track without stopping to look and listen was negligent.

**4. Pleading ⊚⟶8(17)—Plea of contributory negligence on part of automobile driver crossing track held not mere conclusion.**

In action for damage to automobile struck at crossing, plea alleging that plaintiff attempted to cross track with knowledge of approaching train, and that engine of automobile stopped while automobile was on track, *held* sufficient to raise question of contributory negligence as against objection that it alleged conclusions only.

**5. Pleading ⊚⟶34(1)—Plea to be considered as a whole.**

The plea is to be considered as a whole, and no argument against it based upon segregated parts can be sustained.

**6. Railroads ⊚⟶350(13)—Contributory negligence in entering on track with knowledge held for jury.**

In an action for injuries to an automobile truck struck by a train, contributory negligence in going upon the track with knowledge of the approaching train *held* a question for the jury.

**7. Railroads ⊚⟶329—Knowledge of danger defined.**

A driver of an automobile truck is required to exercise reasonable diligence to ascertain if a train is approaching before attempting to cross the track, and; if the exercise of such diligence would have apprised him of the approach of the train, he is chargeable with knowledge of its near approach.

**8. Railroads ⊚⟶324(1)—Automobile driver negligent in attempting to change gear.**

An automobile truck driver attempting to change gears while driving across track causing truck to stop on track *held* guilty of contributory negligence precluding recovery.

**9. Railroads ⊚⟶320—Engineer may assume driver will exercise care.**

An engineer has a right to assume that a driver of an automobile truck approaching crossing will exercise that care which the law required of him.

**10. Railroads ⊚⟶339(2)—Collision with truck held not wanton, willful, or malicious negligence.**

A railroad is not guilty of wanton, willful, or malicious negligence in striking a truck at crossing, if at the time that the truck entered upon the track the locomotive was so near the crossing that it could not have been stopped before reaching crossing.

**11. Railroads ⊚⟶327(1)—Truck driver negligent in failing to stop, look, and listen.**

A railroad is not liable for damage to a truck struck by train at crossing if the driver could have seen the train before going on track by stopping, looking, and listening, and failed to do so, and if, having seen train, he would have known that it would have been dangerous to attempt to cross track.

**12. Trial ⊚⟶296(3)—Submission of primary negligence not prejudicial in view of other instruction.**

In action for damage to automobile truck struck by train at crossing, where there was no evidence of primary negligence on part of railroad, the submission of issue of such negligence was not prejudicial to plaintiff, where court explained that instruction submitting issue did not take away the issue as to subsequent negligence.

**13. Railroads ⊚⟶351(22)—Instruction on discovered peril held properly refused as incorrect.**

An instruction making the railroad liable if the engineer, after he discovered the peril to plaintiff's truck, failed to do anything which he could have done to have averted the injury, and if such failure of the engineer caused the injury, *held* properly refused; the engineer's only duty, under Code 1907, § 5473, being to use all the means within his power known to skillful engineers after perceiving obstruction on track.

**14. Jury ⊚⟶110(6)—Disqualification waived by failure to call court's attention thereto before verdict.**

Plaintiff by failure to call court's attention to the fact that one of the jurors had married a second cousin of one of defendant's counsel, before rendition of verdict, though he had knowledge thereof, waived the disqualification.

Brown, J., dissenting.

Appeal from Circuit Court, Talladega County; A. B. Foster, Judge.

Action by W. P. Hurt against the Southern Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

The following pleas are directed to be set out:

(2) Said plaintiff was guilty of contributory negligence which proximately contributed to his injury, in this, that said plaintiff before driving upon or attempting to cross said railroad track of defendant company failed to stop, look, and listen for any trains which might be approaching said crossing, and, if said plaintiff had so stopped, looked, and listened before attempting to cross said crossing, that he would not have been injured.

(3) Defendant avers that the plaintiff was driving said truck which was struck along a highway near the defendant company's railroad; that said road ran not far distant from said track until near where said dirt road crossed defendant's track; that at the time a local train was approaching some distance down the track; that before the said plaintiff drove on said track if he had stopped said truck and listened or looked he could have seen or heard the approaching train, but that said plaintiff negligently failed to stop, look, and listen, but drove upon said track without so stopping, looking, and listening; that his said car or truck stalled or stopped upon said track and was struck by the said engine; and that said injury occurred, which would not have occurred if said plaintiff had so stopped, looked, and listened.

(4) Defendant avers that said plaintiff was driving said truck near the railroad crossing of the Southern Railroad when its said freight train was approaching some 20 or 25 rail lengths

from the east, said train being a freight train consisting of, to wit, 38 cars, and running at, to wit, 25 miles an hour; that plaintiff, knowing of the approaching train, attempted to cross said railroad track with said truck ahead of said train, and that he went upon said track with his said truck, and his said engine which was running said truck stopped or stalled, and the approaching train ran against said truck before the said train could be stopped. Defendant avers that the plaintiff was negligent in going upon said track knowing of the approach of said train, and on account of said negligence proximately contributed to his injuries complained of.

(5) Defendant avers that said plaintiff was driving said truck near the railroad crossing of the Southern Railroad when its said freight train was approaching some 20 or 25 rail lengths from the east, said train being a freight train consisting of, to wit, 38 cars, and running at, to wit, 25 miles an hour; that plaintiff, knowing of the approaching train, or could have ascertained of its approach by reasonable diligence, attempted to cross said railroad track with said truck ahead of said train, and that he went upon said track with his said truck, and his said engine which was running said truck stopped or stalled, and the approaching train ran against said truck before the said train could be stopped. Defendant avers that the plaintiff was negligent in going upon said track knowing of the approach of said train, or having been able to ascertain of the approach of the same by reasonable diligence, and that such negligence proximately contributed to his injuries complained of.

(6) The plaintiff was guilty of contributory negligence which proximately contributed to his injury, in this, that said plaintiff was operating a truck, delivering Chero Cola, and attempted to drive upon or across the railroad track of said defendant railroad company near Embry's crossing, in Talladega county, Ala.; that there was a west-bound freight train, to wit, 38 cars, approaching said crossing some distance from the east, in driving across said crossing the said plaintiff negligently attempted to change his said gear and negligently operated said truck so that he stopped or caused his said engine to stop on said railroad track, and that it would not have stopped thereon but for said negligence of the plaintiff in operating his said truck, and that said negligence in stopping said car upon said track proximately contributed to the injury complained of, and plaintiff cannot recover in this action.

The following is charge 8 given for the defendant:

Court charges the jury that, if you believe from the evidence that said train at the time said Hurt went upon said track and his engine stopped, that said locomotive and train was so near to said crossing that it could not have been stopped before reaching said crossing, then the defendant could not be guilty of wanton, willful, or malicious negligence, and that if you further believe from the evidence that said Hurt could have seen said approaching engine before going on said track, by stopping, looking, and listening, and he failed to do so,

and if he had done so he would have seen said approaching train and known that it would have been dangerous to attempt said crossing, then the court charges you the plaintiff cannot recover in this action.

The following is charge 1, refused to the plaintiff:

If the engineer discovered the truck stopped or stalled on the track in front of and in danger of being struck by the engine, and if the engineer after he discovered such peril of the truck failed to do anything which he could have done to have averted the injury, and if such failure of the engineer caused the injury to the truck, the plaintiff will be entitled to recover, notwithstanding Hurt did not stop, look, and listen before going on the track.

Riddle & Riddle, of Talladega, for appellant.

No brief came to the Reporter.

Knox, Acker, Dixon & Sims, of Talladega, for appellee.

The pleas of contributory negligence set up sufficient facts to constitute contributory negligence. 89 Ala. 240, 8 South. 243; 90 Ala. 161, 8 South. 245; 179 Ala. 299, 60 South. 922; 135 Ala. 533, 33 South. 332; 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543.

SAYRE, J. This is an action for damages brought by appellant against appellee; the allegation of the complaint, so far as it need be stated, being that defendant negligently ran its locomotive engine over and against plaintiff's automobile truck destroying the same. The court overruled demurrers to several special pleas of contributory negligence and these rulings are assigned for error. The reporter will set out the pleas.

[1-3] Plea 2 alleges that plaintiff failed to stop, look, and listen before driving upon the track. The point taken against the plea is that it fails to allege that plaintiff negligently drove upon the track. The facts alleged imported negligence per se (L. & N. v. Crawford, 89 Ala. 240, 8 South. 243), and in such case it is not necessary to go further and expressly characterize plaintiff's conduct as negligent (B. R., L. & P. Co. v. Gonzales, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543). As for the point taken against the plea, it was good. But, of course, it did not impair the sufficiency of plea 3, on similar authority, to allege that plaintiff did negligently drive upon the track without, etc. Plea 3 was therefore good also.

[4-6] The ruling in favor of plea 4 was free from error. This plea states the facts and alleges that plaintiff was negligent in going upon the track; that is, negligently went upon the track, knowing the approach of

defendant's train, and thereby proximately contributed, etc. The plea is to be considered as a whole, of course, and no argument against it, based upon segregated parts of it, can be sustained. The corut cannot know whether, in the circumstances alleged, plaintiff should be adjudged guilty of contributory negligence or should be acquitted. That was a matter for jury decision. Such being the case, it was proper for the pleader to allege the facts, and, if they reasonably admitted of different conclusions, to allege his conclusion. Such pleading is not open to the objection that it alleges conclusions only. Pace v. L. & N., 166 Ala. 519, 52 South. 52; B. R., L. & P. Co. v. Gonzales, supra; Shelby Iron Co. v. Bierly, 202 Ala. 422, 80 South. 806.

[7] Plea 5 is like unto plea 4, except that, as an alternative to the allegation of plaintiff's knowledge that the train was approaching, it alleges that plaintiff, "having been able to ascertain of the approach of the same by reasonable diligence," attempted to cross the track, and that "such negligence proximately contributed to his injuries." As we have seen, it was plaintiff's duty to exercise reasonable diligence to ascertain the approach of the train before attempting to cross the track, and, if such diligence would have apprised him of the fact, then he was in the same case as if he knew it. Osborne v. Alabama Steel & Wire Co., 135 Ala. 571, 33 South. 687, cited by appellant, was a case under the Employers' Liability Act, and the decision was that the plea there in question was bad because it imposed on the employee the duty to use care to discover the defect alleged, whereas he had a right, by reason of his employment, to assume that his employer had not been negligent, and that there was no defect. That decision sheds no light upon this case. Pace v. L. & N. and cases supra.

[8] The effect of plea 6 is to say that plaintiff contributed proximately, in that he negligently attempted to change his gear in driving across defendant's track, thereby causing his truck to stop upon the track, and, in our judgment, stated a good defense.

[9-11] There was no error in giving charge 8 requested by defendant. The argument against the charge proceeds upon the idea that when the engineer saw plaintiff approaching the crossing he (the engineer) should have acted upon the assumption that plaintiff would drive upon the track in dangerous proximity to the approaching train. But, until the contrary appeared, the engineer had a right to assume that plaintiff, before driving upon the crossing, would exercise that care which the law required of him. This principle borne in mind, the charge correctly stated the law applicable to the facts therein hypothesized.

[12] Under the evidence—plaintiff's evidence included—plaintiff should not have been allowed to recover as for initial negligence on the part of the engineer, whatever may be said in respect to the question of subsequent negligence. The trial court explained that charge B, given for defendant, did not take the issue as to subsequent negligence away from the jury, and, with this explanation, the charge did plaintiff no harm.

[13] Charge 1, refused to the plaintiff, did not correctly state the engineer's duty in the presence of the conditions hypothesized. His duty was, "on perceiving any obstruction on the track," to "use all the means within his power, known to skillful engineers * * * to stop the train." Code § 5473.

[14] Plaintiff's motion for a new trial was based in part on the supposed errors of the court already noticed, our consideration of which need not be reproduced, in part upon the contention that the evidence overwhelmingly supported plaintiff's theory of the case, to which we cannot agree, and upon the proposition, brought to the attention of the trial court after verdict and judgment, that one of the jurors serving in the case was related to one of counsel for defendant by affinity within the fifth degree (computed according to the rules of the civil law). The trial court upon consideration of the several affidavits upon which the motion was submitted found that counsel for plaintiff had been informed of the fact that one of the jurors had married a second cousin of one of defendant's counsel before the verdict was rendered, and that by failing then to bring the matter to the attention of the court plaintiff had speculated upon the verdict and had waived the juror's disqualification. We concur in this ruling.

Affirmed.

ANDERSON, C. J., and McCLELLAN, J., concur in the conclusion.

GARDNER and THOMAS, JJ., concur.

SOMERVILLE, J., not sitting.

BROWN, J. (dissenting). The defendant's second plea avers that—

"Said plaintiff was guilty of contributory negligence, which proximately contributed to his injury, in this, that said plaintiff before driving upon or attempting to cross said railroad track of defendant company failed to stop, look, and listen for any train which might be approaching said crossing, and if said plaintiff had so stopped, looked, and listened before attempting to cross said crossing that he would not have been injured."

While this plea does not show except by implication that the plaintiff, if he had stopped, looked, and listened, would have . discovered the approaching train before he

went upon the track, this point was not taken by the demurrer, and the plea was not subject to the grounds stated. However, I do not concur in what seems to be the holding of the majority that, in the absence of an averment that the conduct of the plaintiff was "negligent," the plea would be good. For aught that appears in the plea, the plaintiff, if he had stopped and looked and listened, could not have seen or heard the train. If this was true. his failure to do so could not be said to be proximate contributory negligence. Central of Georgia v. Hyatt, 151 Ala. 355, 43 South. 867; Hines, Director General, v. Champion, 204 Ala. 227, 85 South. 511; Schmidt v. Mobile, etc., Co., infra.

Before the plaintiff's failure to stop, look, and listen could be said to be proximate contributory negligence per se, so as to relieve the defendant of the duty of averring that his act was negligent, it must be made to appear that at the time of his effort to cross the train was in such proximity to the crossing as to make it dangerous for him to undertake to cross. See B. R., L. & P. Co. v. Gonzales, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; Schmidt v. Mobile Light & R. R. Co., 204 Ala. 694, 87 South. 181.

Plea 3 does not aver in terms that the failure of the plaintiff to stop and look and listen was negligence which proximately contributed to the injury, and the facts stated do not so show. This was essential to make it a good plea. Central of Georgia v. Hyatt, supra. Construing the plea most strongly against the pleader, as must be done on demurrer, it will be assumed that the stalling of the truck on the track was the proximate contributing cause, and not the failure to stop and look and listen. A fortiori, when the plaintiff attempted to cross the track, the train was such distance from the crossing that it relieved the situation of any element of danger, and but for the fact that the truck stalled it would have passed over the track and out of danger before the train reached the crossing. Central of Georgia v. Faust (App.) 82 South. 36;[1] Id., 203 Ala. 248, 82 South. 345; Hines, Director General, v. Champion, supra.

The plea was subject to the objection pointed out by the fourth and seventh grounds of demurrer, if not others. Pleas 4 and 5 are subject to the same vices.

Plea 5 was subject to the further objection that it undertakes to substitute the alternative averment "or could have ascertained of its approach by reasonable diligence" for an averment that the plaintiff failed to stop and look and listen, and was subject to the third ground of demurrer.

I think the court erred in overruling the demurrers to these pleas, and that the judgment should be reversed.