(124 So. 231)
## ST. LOUIS & S. F. RY. CO. v. MILLS.
(6 Div. 269.)

Supreme Court of Alabama. Oct. 17, 1929.

J. J. Curtis and J. M. Pennington, both of
Jasper, and E. B. Fite, of Hamilton, for appellee.

Bankhead & Bankhead, of Jasper, for appellant.

FOSTER, J. Appellee recovered a judgment against appellant for personal injuries sustained in alighting from a passenger train. Appellee was a passenger, had arrived at his destination, and undertook to alight after the train had begun to move away. He was, as he testified, 77 years old. He claims that as he stepped off the train he had a bundle under one arm and a sack in the other, his foot slipped, and the flagman caught him and helped him to get up, and then "he jerked my hand loose from that bar, * * * and I made me a jump and he gave me a shove with both hands; I don't know what he done that for." He fell and injured his hip, leg, and head.

The case was tried on counts 3 and A. Because count 3 states as a part of its narrative of the occurrence that as plaintiff attempted to get off the train it was caused to give a quick lurch or jerk thereby throwing him, etc., it is not rendered inconsistent with the charge that the negligence of defendant consisted in being "shoved or pushed" off the train by a servant of defendant. Neither do we think appellant was due the general charge as to said count for the failure to prove a lurch or jerk. That statement was not the basis of the claim on that count. It is not necessary that such detail of averment shall be proven when no actionable fault is charged as incident to it. B. R. L. & P. Co. v. Moore, 148 Ala. 115, 42 So. 1024; Stith Coal Co. v. Harris, 14 Ala. App. 181, 68 So. 797; Wilson v. Smith, 111 Ala. 170, 20 So. 134.

The doctrine has been many times considered and stated by this court to be that it is not always contributory negligence for a passenger. to alight from a moving train. That question is usually one of fact and is controlled by all the circumstances, such as the speed of the train, whether day or night, whether the passenger is incumbered with bundles, whether he was being assisted by a trainman, his physical infirmities due to age or disease, the nature of the place, and all other such conditions. Cent. of Ga. Ry. Co. v. Mathis, 196 Ala. 32, 71 So. 674; B. R. L. & P. Co. v. Girod, 164 Ala. 10, 51 So. 242, 137 Am. St. Rep. 17; Hunter v. L. & N. R. R. Co.,

150 Ala. 594, 43 So. 802, 9 L. R. A. (N. S.) 848; Watkins v. B. R. & E. Co., 120 Ala. 147, 24 So. 392, 43 L. R. A. 297; So. Ry. Co. v. Morgan, 178 Ala. 590, 59 So. 432.

Plea 7 was not sufficient in averment to show contributory negligence of plaintiff within the rule referred to above. Too, there were other pleas which were allowed by the court sufficient to enable defendant to get the full benefit of the defense so attempted to be pleaded.

Refused charges 3, 5, 10, 17, and 22, all assume, as did plea 7, that the act of jumping off a moving train was without more, as a matter of law, contributory negligence, and therefore conflict with the rule we have stated.

Refused charge 9 was not applicable to any issue in the case.

Refused charges 24 and 29 invaded the province of the jury.

We do not find error in the ruling of the court requiring the flagman to detail his duties as such, in respect to assisting passengers off the train. If he in the course of his employment negligently shoved or pushed or. helped plaintiff off the train as a proximate result of which he was injured, the act was wrongful, and actionable unless plaintiff was contributorily negligent. St. L. & S. F. Ry. Co. v. Trice, 202 Ala. 352, 80 So. 434. These questions were fairly submitted to the jury in the oral charge of the court.

We are not disposed to disturb the judgment of the circuit judge in denying the motion for a new trial, on account of the weight of the evidence, or on account of the amount of the damages. The evidence of plaintiff tended to support the averments of the complaint. There was conflicting evidence, and the circuit judge had much better opportunity to determine those questions correctly than we have.

We find no reversible error, and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.