(137 So. 525)

## MOBILE & OHIO R. CO. v. DAVIS.

### 6 Div. 947.

Supreme Court of Alabama.

Oct. 8, 1931.

Rehearing Denied Nov. 19, 1931.

Foster, Rice & Foster, of Tuscaloosa, for appellant.

H. A. & D. K. Jones, of Tuscaloosa, for appellee.

FOSTER, J.

This case was tried on the third count of the complaint and pleas of contributory negligence. That count was based on a breach of duty to plaintiff in starting off the train while he was upon it with notice that he went there with the intent to aid his daughter-in-law and her three children in becoming comfortably seated and to deliver her a ticket and baggage check, and then to leave, and that he did not intend to take passage, and without giving him a reasonable opportunity to alight, and whereby in stepping off the moving train he fell and sustained personal injuries. The theory of the claim is supported by our cases and authorities generally. Whaley v. L. & N. R. Co., 186 Ala. 72, 65 So. 140, 52 L. R. A. (N. S.) 179; Atlantic C. L. R. Co. v. Watson, 215 Ala. 254, 110 So. 316;

Southern R. Co. v. Patterson, 148 Ala. 77, 41 So. 964, 121 Am. St. Rep. 30; McElvane v. Central of Georgia R. Co., 170 Ala. 525, 54 So. 489, 34 L. R. A. (N. S.) 715; 10 Corpus Juris, 943; 4 R. C. L. 1053; Leon v. Chicago, B. & Q. R. Co., 102 Neb. 537, 167 N. W. 787, L. R. A. 1918F, 317.

The court overruled demurrer to this count, and appellant claims that it was defective for the failure to allege that defendant's servant in starting the train was acting within the line and scope of his employment, and for the breach of a duty owing by it to plaintiff. The authorities just cited show that the count states a cause of action, including a breach of duty to plaintiff, provided, at the time, defendant's servants in charge of the train were within the line and scope of their employment. It may be conceded that the best form of pleading would call for the usual statement that the servants were acting in the line and scope of their employment, and that the count as framed is defective unless such allegation is made in substance or form, Alabama Power Co. v. Conine, 207 Ala. 435, 93 So. 22, though this has been held not to be necessary when the act is charged to defendant by its servants, etc., Alabama Power Co. v. Conine, supra.

The complaint does allege that defendant's servants causing the train to be put in motion were in charge of it, at defendant's passenger station in Tuscaloosa, and that it was defendant's passenger train. Taking the count as a whole, it sufficiently shows that defendant's servants in charge of the train were acting in the line and scope of their authority, as held in our cases. Woodward Iron Co. v. Herndon, 114 Ala. 191, 21 So. 430; Jones v. Strickland, 201 Ala. 138, 77 So. 562.

In respect to the sufficiency of the allegations of personal injuries, which is also challenged by demurrer, we may merely refer to the case of Atlantic C. L. R. Co. v. Watson, supra, which contains a full discussion of that subject, and which supports the ruling of the court.

■ While the complaint does not say in words that the conduct of defendant's servants in thus starting the train was negligence, it alleges facts from which negligence follows as a logical conclusion. There are many acts voluntarily done whose legal effect is negligence. Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471. Though plaintiff may characterize such acts as negligence, and it is usual to do so, this is of little consequence, since the law stamps them as negligent. In such event it is not necessary for the complaint to say specifically that it was negligence. 45 Corpus Juris, 1074; American Ry. Exp. Co. v. Reid, 216 Ala. 479, 113 So. 507; Hurt v. Southern Ry. Co., 205 Ala. 179, 87 So. 533.

■ Count 3 of the complaint, on which the case was tried, alleged, as we have shown, that the train was caused to move without giving plaintiff a reasonable opportunity to alight. Whereas plea C alleges that plaintiff was warned to leave the train within a reasonable time before it started, but he failed to do so, etc. If such be the fact, the complaint is not sustained, and the plea is but the general issue. It does not confess the complaint, but in effect denies facts which constitute the basis of the action. We do not pass upon its sufficiency in other respects. Demurrer to plea C was sustained without error.

■ Given charges 1, 2, and 3 are well within the principles stated in the authorities which we have cited.

■ In the case of McElvane v. Central of Georgia R. Co., supra, the plaintiff went into the train to collect a debt from a passenger, and the court, on demurrer to the complaint so alleging, held that the same degree of care was not due him as if he had been assisting a passenger on or off. It is then said that, if a person is performing a duty that the carrier may owe to the passenger in special cases, with the knowledge of the carrier, the same rule of care is due to such assisting party as to the passenger. But as a general rule the same degree of care is not due to an assisting party as to a passenger, and it only exists when the carrier fails to perform a duty of assistance in some special circumstance which is done by the other with the carrier's knowledge. It is said in Southern R. Co. v. Patterson, supra, quoting from Elliott on Railroads, that such special circumstances exist when the passenger is ill, feeble, or too young to care for himself, and the like. 4 R. C. L. 1054; 10 C. J. 942. We are not prepared to agree that the circumstances hypothesized in charges 4 and 4A, justify the legal conclusion asserted in them, that the carrier was due the same degree of care to the assisting party as to a passenger.

But whether so or not, we cannot see that there was prejudice in giving them. The only duty which it was claimed defendant violated was the failure to allow plaintiff a reasonable opportunity to alight before starting the train. This was a duty which was not dependent upon whether defendant should have treated plaintiff as though he were a passenger. Upon the facts hypothesized, that duty was owing plaintiff, and it was merely a question for the jury to ascertain if it had been performed. We do not think, therefore, that there was reversible error in giving charges 4 and 4A.

■ Again we refer to count 3 of the complaint to say that the specific charge is the failure under the circumstances to give plaintiff "reasonable opportunity to alight from said train." We infer from the evidence

that the train was not one which merely passed through Tuscaloosa, but that it started its course there; at least it remained there some substantial time before it was due to leave. Its schedule for leaving was 8:30. Plaintiff and his party were there some fifteen minutes more or less before schedule time for leaving, and, finding the train, went aboard with the intention that the daughter and children should take passage, but plaintiff did not so intend. But he had the right to go in the train to deliver the ticket and baggage check, and aid them in getting seated, and, if defendant's conductor had notice of that situation, then he owed plaintiff certain duties. Now if the train were one which was merely passing through, stopping long enough only to load and unload, and then immediately to go on, it may have been plaintiff's duty to alight immediately upon performing his mission with due diligence, and that he should know that such was his duty without the aid of the starting signals. Central Railroad & Banking Co. v. Letcher, 69 Ala. 106, 44 Am. Rep. 505. We are not therefore required to declare now whether the giving of such signals would be owing to him under those circumstances. But in this case the evidence without conflict showed that plaintiff and his party went aboard some appreciable time before the schedule for starting. In such event, plaintiff was not under any particular duty to depart until such time before schedule as would enable the train to leave on its appointed time. Section 9952, Code, requires the engineer to "blow the whistle or ring the bell immediately before, and at the time of leaving such station or stopping place." It is said that this regulation is obviously for the "benefit of the traveling public, and others who have a right to be warned of approaching trains," but "that cases may possibly occur, where passengers, or other persons permissively on a train, are entitled to have such signals given, as a warning to hasten their departure from a train immediately before leaving a depot or stopping place, as the statute requires to be done." Southern Railway Co. v. Norwood, 186 Ala. 49, 64 So. 604, 605; Alabama G. S. R. Co. v. Hawk, 72 Ala. 112, 47 Am. Rep. 403; Doss v. Missouri K. & T. R. R. Co., 59 Mo. 27, 21 Am. Rep. 371.

There was evidence in the instant case that no such signals were given, and that defendant's conductor had notice that plaintiff was merely assisting the lady and children and might infer that he wished to leave the train before it departed. The claim in the complaint of a want of opportunity given him to leave would include the time necessary to depart after giving the signals to start, if such signals were due to plaintiff. We think that with notice of plaintiff's relation to defendant's passengers, and his intention to depart before the scheduled leaving time of the train, the duty was owing him to give the statutory signals for departure and an opportunity thereafter to leave the train. We do not think that defendant's duty to plaintiff under such circumstances ceased as soon as he had delivered the ticket and seated the family, though he could have alighted before the starting schedule, but that, with knowledge by defendant of his relation to the passengers and his intention to depart before the train left, there was a breach of duty to plaintiff to fail to give the statutory signals. This was negligence as a matter of law upon the hypothesis of such circumstances, and, if plaintiff was caused personal injuries as a proximate result he should recover damages for it. McElvane v. Central of Georgia R. Co., supra; Central Railroad & Banking Co. v. Letcher, 69 Ala. 106, 44 Am. Rep. 505.

We think, therefore, that there was no reversible error in giving charge 5A.

Given charge 7 is supported by many cases. Southern R. Co. v. Patterson, supra; St. Louis & S. F. R. Co. v. Mills, 220 Ala. 107, 124 So. 231.

Given charge 8 seems to be free from the objections urged, and its giving is not reversible error.

We have carefully considered the evidence, and our judgment is that the jury could find that the facts alleged were proven. The evidence was conflicting, but the court overruled the application for a new trial, and we do not feel disposed to hold that he was clearly wrong in doing so, in so far as it was based upon the insufficiency of the evidence or its weight.

The other assignments of error argued by counsel for appellant are, we think, free from error, but do not need special discussion in this opinion.

Finding no error to reversal, the judgment is affirmed.

Affirmed.

### On Rehearing.

Complaint is made that it is unfair to appellant to affirm the case on the theory that there was evidence that the statutory signals were not given, because the case was not tried on that theory. But we observe that this discussion in the opinion only related to the correctness of given charge 5A, which referred to an absence of such signals. The law pertaining to them was due therefore to be discussed as determining whether the case should be reversed for the giving of that charge. The judgment was not affirmed on a theory not tried, but the effect of that charge was then under discussion. We think the discussion was proper in connection with that charge. The parties on both sides offered evidence on that question, and the

charge given.was predicated on such evidence, and was within the issues in the pleading, though not so expressly named in the complaint.

This court has followed the principle that the evidence of one in a position to hear a train bell and who does not hear it is some evidence that it was not rung. Louisville & N. R. Co. v. York, 128 Ala. 305, 30 So. 676 (12).

We are not here concerned with the weight of such evidence, for that was left to the jury by that charge. Cases which deal with its weight have no application. Kennedy's Heirs v. Kennedy's Heirs, 2 Ala. 571.

The application for rehearing is overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.