## CRAWFORD *vs.* TYSON, Adm'r.

[ APPEAL FROM ORDER REMOVING EXECUTOR. ]

1. *Statutes ; what must be construed in pari materia.*—The statute upon the removal of executors and administrators is *pari materia*, and mus be construed together as one law.
2. *Executor, when may be removed without written application.*—Upon the removal of an executor or administrator from this State, the judge of probate of the county in which the letters testamentary have been granted, may, for this cause, proceed to remove him from his office of such executor or administrator, under § 2029 of the Revised Code, without an application in writing therefor.
3. *Executor, non-resident of the State; how may be notified of proceedings to remove him.*—In such a proceeding, such non-resident executor or administrator may be notified by publication, under § 2022 of the Revised Code, of the proceedings against him, and a removal upon such

notice by publication is not void for want of sufficient notice.   Publi-
cation is a proper mode of service of citation against a non-resident.—
Revised Code, § 2022.

APPEAL from Probate Court of Lowndes.
Tried before Hon. J. V. McDUFFIE.

The facts are sufficiently stated in the opinion.

CLEMENTS, GILCHRIST & COOK, for appellant.
STONE, CLOPTON & CLANTON, *contra.*

PETERS, J.—This is an application of Charles A.
Crawford, one of the heirs and legatees of Alfred Craw-
ford, deceased, by petition to the judge of the probate
of Lowndes county, to set aside a decree of said court
removing William H. Crawford from the executorship of
the estate of said Alfred Crawford, deceased.   It does not
appear that said decree was rendered on proceedings " in-
stituted by any creditor, legatee, devisee, heir, distributee, or
by any co-executor, co-administrator, or the sureties, or
any of them."—Rev. Code, § 2019.   But it was instituted
by the judge of probate himself upon the ground that
said William H. Crawford, said executor, had removed
from this State after his appointment as such, and had
failed to make settlement of his said administration of
said estate.   The order or decree of removal recites that—
" It being shown to the court that William H. Crawford,
the executor, named in the will of Alfred Crawford, de-
ceased, and who qualified as such, has removed from the
State of Alabama and become a resident of the State of
Texas, and that the said William H. Crawford has failed
to make settlement of his said administration of said
estate, and notice having been given of this proceeding for
three weeks, by weekly insertions in the ' Haynesville Ex-
aminer,' a newspaper published in Haynesville in said coun-
ty of Lowndes, &c."   On this notice the removal was made.
There was no citation issued to said executor to appear
and answer the application for removal, or to show cause
why said executor should not be removed.   At the hearing

it was proven to the satisfaction of the court that said executor had removed from the State of Alabama and become a resident of the State of Texas, "in which last named State he still resides." He was then removed, and Tyson, the general administrator of the county, was appointed administrator *de bonis non* of said estate in his stead. The court refused to set aside said order or decree of removal, and the plaintiff in the motion appeals to this court.

The statute upon the subject of the removal of executors and administrator must be taken as a whole and construed together as one law. It is all in *pari materia*. Such is the rule of construction for such statutes.—Bac. Abr. statutes 1, 3. The Revised Code declares, that "whenever the judge of probate has reason to believe that any just ground or cause of removal exists, or that an additional bond should be required of an executor or administrator, such judge may cause a citation to be served on him, requiring him to appear on a day therein named, five days after service thereof, and show cause why he should not be removed or give additional bond, as the case may be."— Revised Code, § 2029. This statute clearly gives the judge of probate authority to proceed without an application in writing when the facts are such as may justify him to proceed. This is the rational meaning of the language used. It is true that it also indicates the mode of procedure. But if the court is confined to the mode there indicated, in many instances, the judge might not be able to discharge the important duty thus conferred upon him. The language of the section is, that the judge, upon the existence of the proper state of facts, "may cause the citation to be served on" the delinquent executor or administrator. This does not seem to exclude all other modes of citation, particularly when it is construed in connection with sections 2021 and 2022 of the same act. The latter section prescribes that, "If such executor or administrator is not an inhabitant of the State or is absent therefrom, upon such fact being shown, by proof satisfactory to the judge, he must direct notice of such application to be given by publication in some newspaper, published in the county,

for three successive weeks."—Revised Code, § 2022. Under this section of the Code, the judge acted, in giving the notice in the proceedings under discussion. I think the purpose and language of the whole statute justified him in doing so. This was a legal mode of service of citation. Non-residence was a sufficient cause of removal.—Revised Code, § 2017. This existed and justified the action of the court. And the only means of giving the executor notice was by publication. The order of removal was then not a void decree. All was done, that could be done, to bring the executor into court, and his removal was clearly justified by the facts. And had he been notified he would not have been retained. After his removal from the State he was not competent for the office of executor in this State.—Revised Code, § 1975. He, therefore, has no reason to complain. The removal is error without injury, if error at all, as to him.

The action of the court below is free from error. Its judgment is therefore affirmed, at appellant's costs.