# Barr *et al. v.* Weaver, Executrix.

*Bill in Equity for Construction of Will and Other Purposes.*

[Decided Feb. 13th, 1902.]

1. *Inconsistency in decree appealed from, when not considered on appeal; cross-appeal.*—Where there is no cross-appeal an alleged inconsistency in the decree appealed from, insisted on by appellee, will not be considered.

2. *Will; construction of clause devising property to wife, as in cases of intestacy; dower; separate estate.*—A clause in a will, devised to the testator's wife "such part or portion of my estate as she may be entitled to under the laws of Alabama, and in addition thereto I will that my said wife have the use, and the right to occupy, free of rent, or accountability therefor, the house and lot in S., now occupied by me as a family residence, together with the furniture therein, until my youngest child arrives at the age of twenty-one years." *Held:* That the devisee named therein would take thereunder the same amount of property the statutes of dower and descent in force at time of the death of testator would give in case of intestacy, and that the separate estate owned by the wife at the time of the testator's death should be considered in determining the amount of said estate.

3. *Will; construction of; intent of testator.*—Where two constructions of a will are possible, that construction will be adopted which, without doing violence to the language of the instrument, will most effectually acomplish the purpose and intention of the testator as expressed in the will.

APPEAL from Selma City Court in Equity.

Heard before Hon. J. W. MABRY.

The bill was filed by Elizabeth P. Weaver, as executrix of the estate of Virgil Weaver, deceased, against

Virgilia R. Barr and others, and sought to have the administration of said estate removed from the probate court into the city court of Selma, a construction of the will of said V. G. Weaver, and a setting apart of dower and homestead in said estate to complainant, who was the widow of testator.

Item 3 of the will recited that the testator had heretofore so disposed of certain property as that at his death his two older children would come into full possession thereof, which property was therein estimated to be worth $28,000, and then provided for the selection by the executrix of property of the same or equal value for his two younger children, "so that said four children may each have, own and possess property of equal value."

Item 4 provided that after the setting apart and delivering of property in value as set forth in Item 3 to the two younger children, the rest of testator's proprety should be equally divided, share and share alike, among testator's four children, "it being my purpose and intention to put all of my said four children on an equal footing so far as property is concerned."

The other provisions of the will, so far as material, are shown by the opinion.

The facts as agreed on showed that the property which the testator had provided for his two older children, mentioned in Item 3 of the will, was worth $25,000 or more at the time of testator's death, and that the rents derived therefrom constituted three-fourths of testator's income; that the value of his real estate and personal property at the time of his death was about $26,300; that the widow, Elizabeth P. Weaver, owned as a separate estate at the time of testator's death real and personal property worth about $7,500, the bulk of which had been given to her by testator in his lifetime; that the debts of said estate aggregated about $7,000, exclusive of interest.

The city court construed Item 2 of the will as a devise and bequest to the widow of an estate for her life in one-third part of the testator's real property, and an absolute estate in one-fifth of his personal property: said devise and bequest to be in no way affected

by her separate estate. From the decree so holding the appeal is prosecuted.

MALLORY, MCLEOD & MALLORY, and L. E. JEFFRIES, for appellants. (1.) Under the second item of the will Elizabeth P. Weaver would take the same provision the statutes of Alabama give in cases of intestacy.—*Bost v. Bost*, 3 Jones Eq. (N. C.), 484; 24 Am. & Eng. Ency. Law, 337; *Burton v. Burton*, 4 Harring, 38; 3 Jarmon on Wills, 31; *Kelly v. Reynolds*, 39 Mich. 464, s. c. 33 Am. Rep. 418; 2 Jarmon on Wills, 645-6; *Stineman's Appeal*, 34 Penn. 394. (2.) Where one takes the same estate in land by will as he would have taken by descent, he will hold the estate by descent and not by devise. *Hoover's Lessee v. Gregory*, 18 Tenn. 444; *McKay v. Hendon*, 7 N. C. 209; *Ellis v. Page*, 61 Mass. (7 Cush.) 161; *Sears v. Russell*, 74 Mass. (8 Gray) 85; *Davidson v. Koehler*, 76 Ind. 398; *Phillips v. Dashill*, 1 Har. & J., 47 Md.; *Gilpin v. Hollingsworth*, 3 Md. 190; *Heroden v. Larabee*, 113 Mass. 430; *Buckley v. Buckley*, 11 Barb. 43. (3.) The law existing at the time of testator's death governs the quality and amount of his estate.—Code of 1886, §§ 1893, 1924; *Boyd v. Harrison*, 36 Ala. 533; *Ware v. Owens*, 42 Ala. 212. (4.) The widow's dower interest and distributive share are to be lessened by her separate estate.—Code of 1896, §§ 1506-07. (5.) Statutes relating to the same person or thing or to the same class are *in pari materia* and are to be construed as one law.—Sedg. Stat. & Const. Law, 248; Endlich on Interp. of Stat., § 45; Smith, Const. Constr., § 642; Potter's Dwarr. Stat., 185; Southerland, Stat. Constr., § 283; *Crawford v. Tyson*, 46 Ala. 299; *The State v. Sloss* 83 Ala. 93; *Kidd v. Bates*, 120 Ala. 84; 23 Am. & Eng. Ency. Law, 311, note 2; *Hilliard v. Binford*, 10 Ala. 997; *McCartee v. Orphan Asy.*, 18 Am. Dec. 316; 23 Am. Dec. 471; 36 Am. Dec. 481; 28 Am. Dec. 317; 43 Am. Dec. 306; 46 Am. Dec. 447; 85 Am. Dec. 558. (6.) The intent of the testator governs in the construction of the will.—*Tayloe v. Harwell*, 65 Ala. 1; *Hollingsworth v. Hollingsworth*, 65 Ala. 321; *Griffin v. Pringle*, 56 Ala. 486. (7.) If the separate estate of the widow is not to be considered, the younger

children would get about $3,500 less, each, than each of the two older children, thus overriding the testator's expressed purpose and intention.

B. H. CRAIG, for appellee, cited *Jackson v. Rowell,* 87 Ala. 689; *Dolan v. Dolan,* 91 Ala. 156; *Steiner Bros. v. McDaniel,* 110 Ala. 413; *Hubbard v. Russell,* 73 Ala. 64; *Bell v. Bell,* 84 Ala. 64; *Chandler v. Chandler,* 87 Ala. 303; Thompson Homestead Ex., § 544.

DOWDELL, J.—But a single question, raised under the assignment of error and insisted on in argument by appellants, is here presented for consideration, and that relates to the construction of item second of the last will and testament of Virgil G. Weaver, deceased. Counsel for appellee devotes much of his argument to what he terms an inconsistency in the decree appealed from, but as there is no cross-appeal and no assignment of error by the appellee, that question cannot be considered.

Item second of the will reads as follows: "I give to my beloved wife, Elizabeth P. Weaver, such part or portion of my estate as she may be entitled to under the laws of Alabama, and in addition thereto I will that my said wife have the use, and the right to occupy, free of rent, or accountability therefor, the house and lot in Selma, now occupied by me as a family residence, together with the furniture therein, until my youngest child arrives at the age of twenty-one years."

The language employed in this item is plain and unambiguous, and we think it clear and free from doubt that it was the intention of the testator to give to his wife just such portion of his estate as she would have taken under the law in case of intestacy, with the superadded provision of the use and occupancy, free of rent or accountability therefor, of the house and lot in Selma, together with the furniture therein, then occupied by the testator as a family residence, until the youngest child arrived at the age of twenty-one years.

In *Bost v. Bost,* 3 Jones Eq. (N. C.) 484, "Where a testator seized of a large real and personal estate made a partial disposition of it to some of his children and

to his widow, to the latter of whom he gave household and kitchen furniture, slaves, horses, farming implements and many other things applicable and necessary for housekeeping and farming operations, leaving out the bulk of his land, and then adds, 'I will that all the balance of my estate, real and personal, be disposed of as the law directs,' " it was held to have been the intention of the testator that the widow should have her dower assigned in the mode directed by law in cases of intestacy.—29 Am. & Eng. Ency. Law, 337.

In 3 Jarman on Wills, the case of *Burton v. Burton*, 4 Harring 38, is cited in support of the proposition that, "a devise to be divided between the wife and children *as the law directs*, was held to refer to the intestate law, and to give the wife but a life estate in half of the property."

In *Kelly v. Reynolds*, 39 Mich. 464, (s. c. 33 Am. Rep. 418), where the clause in the will under construction was: "To my wife, the provision made for her by the statutes of this State I deem sufficient," the case is thus put by Cooley, J.: "The plaintiff says he meant to have his widow take so much of his estate as would have passed to her under the statutes had he died intestate. The defendant, on the other hand, says his intent was that he should take so much only as she would take under the statute after giving effect to all the gifts he makes to others by his will." On this statement of facts, and the residuary clause in the will, it was held: "That the wife took such a share as if the testator had died intestate."

In 2 Jarman on Wills, 645-6, it is said: "If the testator described the objects of gift by express reference to the statute, as next of kin under or according to the statute, they take according to the mode and in the shares directed by the statute."

In *Stineman's Appeal*, 34 Penn. St. 394, the testator gave to his widow so much of his estate as she "is justly entitled to by the laws of this commonwealth, and no more." It was held that this was an adoption of the statutes of the State and that she was entitled to a third of the estate and to $300 allowed to widows by the statutes of 1851. It was there said by Lowney, C.

[Barr *et al.* v. Weaver, Executrix.]

J.: "The testator gives to his widow so much of his estate 'as she is justly entitled to under the laws of this commonwealth, and no more.' This of course includes the $300 allowed to widows in all cases. It is urged, however, that she ought to have claimed this in accordance with the forms of the Acts 14th of April, 1851. But we do not think so. To claim under these acts, she must follow their forms; but claiming under the will, she must await its execution. *It* required all the personal estate to be sold; and claiming under the will the widow must let this be done. We do not, therefore, look to the intestate law for the *form* of her claim, but for the *measure* of it."

There is no substantial difference in the language of the clause under construction and the provision in the *Stineman appeal, supra,* and there is no difference in principle in the case in hand and the cases above cited. Our conclusion, therefore, is, that under the second item of the will as above set out, Mrs. Weaver takes the same *quantum* of property the statutes of dower and descent of the State would give in case of intestacy; not in the same form, perhaps, as if she had dissented from the will, but the intestate laws must be looked to for the measure of her estate. It is insisted by counsel for appellee, however, that while the *quantum* of Mrs. Weaver's estate under the will may be measured by the statutes of dower and descent and distribution, that the same is not to be limited or lessened by the fact that she is possessed of a separate estate of her own. To adopt this construction would be to add a provision to the testator's will which the language employed in item second would not authorize or justify, nor are we able to find anything in any other part of said will to authorize the conclusion that such was the intention of the testator. The language of the will: "I give to my beloved wife, Elizabeth P. Weaver, such part or portion of my estate as she may be entitled to under the laws of Alabama," is too plain to admit of any other interpretation or construction than that it was the testator's intention to give to his wife just such portion as she would be entitled to under the laws of this State in the absence of any will, no more and no less. This

being true, we must look to the intestate statutes for the measure of the estate which Mrs. Weaver takes under the will. These are the statutes relating to dower, and to descents and distribution. The statutes of dower, as well as the statutes relating to descents and distribution, are each to be considered as parts of an entire system, and must be construed *in pari materia*. *Hilliard and wife v. Benford's Heirs*, 10 Ala. 997; *Lehman, Durr & Co. v. Robinson*, 59 Ala. 234; *Crawford v. Tyson, Admr.*, 46 Ala. 299; *Kidd et al. v. Bates*, 120 Ala. 84.

Under these statutes, in the measurement of the wife's dower interest or of her distributive share in her deceased's husband's estate, the separate estate owned by the wife under the provisions of the statute is an indispensable element in the admeasurement of the estate which she takes, both as dower in the realty and by distribution in the personalty. We have been unable to find anything in the evidence agreed on by the parties, as shown by the record, to authorize us in arriving at a different construction from that placed by us upon item second of the will, or justifying us in arriving at a different conclusion as to the intention of the testator. It is clear and apparent throughout the will that it was the intention of the testator to put his four children upon an equality in the distribution of his estate, he expressly stating in one part of the will: "it being my purpose and intention to put all of my said four children upon an equal footing so far as property is concerned." If the contention of the appellee as to the measurement of the wife's portion under the will be taken, then it is clear under the agreed facts in the case that the intention of the testator to put his four children upon an equal footing so far as property is concerned, would not be carried out, but would be departed from. To sum it up, our conclusion is, whether we look to the will alone, or in connection with the agreed statement of facts, the only fair and reasonable construction to be put upon the will is that it was the intention of the testator to give to the widow just such portion of his estate as she would have taken in case of intestacy, and this necessarily, in the admeasure-

ment of her portion under the will, remits her to the
statutes of dower and distribution for such admeas-
urement, as affected by the provisions of said statutes
relating to the separate estate owned by her at the death
of her said husband, the testator.

The decree of the chancellor, not being in accord with
these views, must be reversed and the cause remanded.