# Rarden *v.* Maddox.

*Action to recover Damages for Assault and Battery.*

1. *Action for assault and battery; abusive language no defense.*—In an action to recover damages for assault and battery, abusive and opprobrious epithets used by the plaintiff to the defendant cannot be pleaded by the latter in justification of the assault and battery complained of; pleas setting up such language and epithets in justification of the assault or in bar of the action, are subject to demurrer.

2. *Trial and its incidents; judgment in action for tort for costs of the case erroneous when plaintiff's recovery does not exceed $20.*—In an action to recover damages for assault and battery,

where the jury assesses the plaintiff's damages at $20, a judgment rendered by the court against the defendant for that amount, together with all the costs in the case, is erroneous, since under the statute (Code § 1326), the damages awarded, not exceeding $20, the plaintiff's recovery for the costs should be limited to the amount of damages awarded, in the absence of express recital of facts in the record that the presiding judge certified that greater damages should have been awarded.

APPEAL from the City Court of Bessemer.

Tried before the Hon. B. C. JONES.

This was an action brought by the appellee, John D. Maddox, against the appellant, John W. Rarden, in which the plaintiff sought to recover from the defendant $2000 damages for an assault and battery committed by the defendant upon the plaintiff. The defendant pleaded the general issue, and by special plea set up justification of the assault by the fact that the plaintiff came into the defendant's storehouse and place of business and used abusive language and opprobious epithets to him, thereby provoking the defendant to assault him. To this special plea the plaintiff demurred upon the ground that the facts set up in said plea did not justify the assault and battery complained of. These demurrers were sustained.

There were verdict and judgment for the plaintiff, sustaining his damages at $20. The judgment entry, after reciting the finding of the jury, then continued as follows: "It is therefore considered and adjudged by the court that the plaintiff have and recover of the defendant the sum of $20 so assessed as aforesaid, together with all the costs in this behalf expended, for which let execution issue."

The defendant appeals and assigns as error the rulings of the court in sustaining plaintiff's demurrers to defendant's pleas, and that the court did not limit the plaintiff's recovery of costs to the amount of damages assessed by the jury.

PINCKNEY SCOTT, for appellant.—The plea presented no justification of the assault, and the demurrers in that case were improperly sustained.—*Kaiser v. Smith,* 71

Ala. 481; *Lunsford v. Walker*, 93 Ala. 36; *Thomas v Gray* 82 Ala. 293. The judgment awarded all the costs against the defendant was erroneous.—*Guttery v. Boshell*, 132 Ala. 596.

W. S. WELCH, *contra*, cited Cyc. of Law & Proceedure, 1077 and 1096; 71 Ala. 481; 8 So. Rep. 386, 60 L. R. A., 559; *Sherry v. Priest*, 57 Ala. 410; *Tippins v. Peters*, 15 So. Rep. 564.

DOWDELL, J.—In an action for damages for assault and battery, abusive language and epithets by the plaintiff to the defendant cannot be pleaded by the latter in justification of the assault. Such may, however, be shown in evidence, when made at or about the time of the assault, in mitigation of the damages sought to be recovered. The special pleas to which demurrers were sustained set up the abusive language in justification of the alleged assault. There was no error in sustaining the demurrers.—See *Mitchell's case* in MSS.

There was no bill of exceptions reserved on the trial, and the appeal is taken on the record. By the recital in the judgment it is shown that the verdict of the jury was for the plaintiff for $20. The judgment of the court on this verdict awarded all costs against the defendant. The statute, (§ 1326 of the Code), provides that, "In all actions to recover damages for torts, the plaintiff recovers no more costs than damages, where such damages do not exceed twenty dollars, unless the presiding judge certifies that greater damages should have been awarded; and on failure to certify, judgment must be rendered against plaintiff for such residue." In *Guttery v. Boshell*, 132 Ala. 596, we said: "In the absence of express recital of the fact in the record that the certificate of the judge was made, it cannot be presumed on error that it was made." Citing *Tecumseh I. Co. v. Magnum*, 67 Ala. 247. The judgment is erroneous, and under the above authorities must be reversed and a judgment will be here rendered in conformity with the statute, as was done in the case of *Guttery v. Boshell, supra.*

Reversed and rendered.

[Leech *et al*. v. Karthaus *et al*.]

McClellan, C. J., Haralson and Denson, JJ., con-
curring.