# Mobile & Ohio R. R. Co. *v.* Brassell.

## *Nuisance.*

(Decided November 7, 1914.  66 South. 447.)

1. *New Trial; Successful Party; Grounds.*—Where a verdict was rendered for plaintiff, the only ground on which he could properly seek a motion for a new trial was that the verdict was inadequate.

2. *Same.*—Under the facts in this case it was the province of the jury to determine whether plaintiff had sustained any substantial damages as the proximate result of the alleged wrong, and hence a verdict in his favor for nominal damages only should not be set aside by the court unless the amount allowed was so inadequate as to plainly indicate that the jury was actuated by passion, prejudice or other improper motive.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by William R. Brassell against the Mobile & Ohio Railroad Company, for damages for maintaining a stagnant pool near his dwelling. There was a verdict for plaintiff for one cent, which on motion of plaintiff, was set aside, and a new trial ordered, and defendant appeals. Reversed and rendered.

STENER, CRUM & WEIL, for appellant. Counsel discuss the propostion that defendant is entitled to the affirmative charge, and in support thereof cite *A. C. L. v. Woolfolk,* 59 South. 635. They insist that plaintiff was entitled to no more damages than the jury awarded him, and that there was nothing to indicate any passion or prejudice, or improper motives, and that the action of the court in setting aside the verdict was erroneous.—*Wes. Ry. v. Stone,* 39 South. 723; 26 N. W. 467.

W. H. & J. R. THOMAS and W. R. BRASSELL, for appellee. The damages were entirely inadequate, and the court properly set aside the verdict and awarded plaintiff a new trial under the evidence in the case.—*Arndt v. City of Cullman,* 132 Ala. 540; *Shahan v. Brown,* 60 South. 891; *So. Ry. v. Lewis,* 165 Ala. 555; *Richards v. Daugherty,* 133 Ala. 575; *C. of Ga. v. Windham,* 126 Ala. 560. The action of the trial court in granting a new trial will not be disturbed.—*Cobb v. Malone,* 92 Ala. 630; *Holland v. Howard,* 105 Ala. 538; *White v. Blair,* 95 Ala. 147; see also 141 Ala. 332; 160 Ala. 329; 98 Ala. 598.

ANDERSON, C. J.—Since the verdict in this case was for the plaintiff, the only ground upon which the motion for a new trial, at his instance, could have been granted was that the verdict was inadequate.

[Mobile & Ohio R. R. Co. v. Brassell.]

The jury saw and heard the witnesses, and it was peculiarly within their province to determine whether or not the plaintiff sustained any substantial damages as the proximate result of the wrong complained of, and which they found to exist. This being a case where the law provides a trial by jury, the trial court was invested with no right to set aside the verdict for either excessiveness or inadequacy alone, unless the amount allowed by the verdict was so excessive or inadequate as to plainly indicate that the verdict was produced "by passion or prejudice or improper motive."—*Montgomery Light & Traction Co. v. King*, 187 Ala. 619, 65 South. 998; *National Surety Co. v. Mabry*, 139 Ala. 217, 35 South. 698; *Moseley v. Jamison*, 68 Miss. 336, 8 South. 745. While the jury in this case found that the defendant was liable for creating or maintaining a nuisance, the correctness of which finding we need not decide, they were of the opinion that the plaintiff sustained no substantial damages as the proximate result of same, and their verdict as to this last proposition was authorized by the evidence; and we are unable to say that the said finding was produced by passion, prejudice, or improper motive.—Joyce on Nuisances, § 498; Wood on Nuisances, § 853.

The judgment of the trial court in granting the motion for a new trial is reversed; and one is here rendered overruling same.

Reversed and rendered.

McClellan, Mayfield, and de Graffenried, JJ., concur.