(82 South. 344)

HOLLOWAY et al. v. HENDERSON LUMBER CO. (4 Div. 833.)

(Supreme Court of Alabama. June 26, 1919.)

1. APPEAL AND ERROR ⊜⟞1027—HARMLESS ERROR.

Any erroneous ruling of the trial court bearing on defendant's liability and not affecting the amount of the damages recovered is harmless to plaintiff, who recovered judgment.

2. COSTS ⊜⟞205—ACTION FOR TORT—COSTS EXCEEDING DAMAGES—CERTIFICATE.

Code 1907, § 3663, as to the taxation of costs, being applicable to an action to recover damages for a wrong or tort, and the damage recovered having been less than $20, it was error to render judgment for any costs in excess of the damages recovered without a certificate from the presiding judge that the damages should have been greater.

3. APPEAL AND ERROR ⊜⟞936(1)—PRESUMPTION—CERTIFICATE JUSTIFYING COSTS.

In the absence of an express recital of the fact that the trial court made a certificate that the damages should have been greater than $20 to justify, under Code 1907, § 3663, judgment for cost in excess of the damages recovered, less than $20, it cannot be presumed on appeal that such a certificate was made.

4. COSTS ⊜⟞146 — AMOUNT — STATUTES.

Code 1907, § 3662, allowing full costs in all civil actions, and § 3663, limiting costs to amount of judgment in tort cases where verdict is for less than $20, unless there be a certificate that greater damages should have been awarded, should each be given a field of operation, if practicable and reasonable; the first

section dealing with all civil cases except those specifically dealt with in the second section.

5. COSTS ⟨⟩⟩146 — STATUTES — AMENDMENT.

Code 1907, § 3663, as to costs, was not amended by Acts 1915, p. 598, which purports to amend section 3662, having a separate operation from section 3663.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Action by John L. Holloway and another against the Henderson Lumber Company, a corporation. From judgment for plaintiffs, they appeal, and defendant cross-appeals. Affirmed on direct appeal, reversed and remanded on cross-appeal.

A. R. Powell, of Andalusia, for appellants.

Powell, Albritton & Albritton, of Andalusia, for appellee.

ANDERSON, C. J. [1] Plaintiffs recovered a judgment in the court below, and now prosecute an appeal. The judgment from which the appeal is taken having been in favor of the plaintiffs, we will not consider as reversible error any ruling of the primary court bearing on the defendant's liability and not affecting the amount of the damages recovered, for, however erroneous such rulings may have been, if error, it would be error without injury to the plaintiffs. Randle v. Birmingham R., L. & P. Co., 169 Ala. 314, 53 South. 918, and cases cited. In other words, the plaintiffs got a judgment and the only rulings that they can complain of upon appeal were those affecting the amount of recovery as distinguished from the right of recovery, and none of the rulings assigned and argued as error go specifically to this last question. True, they made a motion for a new trial, and among other grounds say that the verdict was contrary to the evidence, etc., but no specific ground seems to have been incorporated therein raising the specific question that the damages recovered were inadequate or greatly less than was shown by the evidence.

[2-5] Section 3663 of the Code of 1907 as to the taxation of cost was applicable to this case, as it was one to recover damages for a wrong or tort; and, the damage recovered being less than $20, it was error to have rendered a judgment for any cost in excess of the damages recovered, without a certificate from the presiding judge that the damages should have been greater. In the absence of an express recital of the fact that the certificate was made, it cannot be presumed on error that it was made. Rarden v. Maddox, 141 Ala. 506, 39 South. 95, and cases there cited; Danforth v. McClellan, 196 Ala. 567, 72 South. 104. It is contended that this section (3663 of the Code of 1907) has been amended by the act of 1915, page 598. This act purports to amend section 3662, and not section 3663. These two sections, as they appear in the Code of 1907, should each be given a field of operation. Section 3662 deals with all civil cases except the ones specifically dealt with in section 3663. Said sections appearing together in the Code should each be given a field of operation, if it be practicable and reasonable to do so. Pritchard v. Fowler, 171 Ala. 662, 55 South. 147. "Generalibus specialia derogant." The act of 1915 evinces no legislative intent to amend section 3663 of the Code.

The judgment of the circuit court is affirmed upon direct appeal, and reversed and remanded upon cross-appeal.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.

⟨⟩⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes