(109 So. 750)

### ALABAMA FUEL & IRON CO. v. AN-DREWS. (6 Div. 554.)

(Supreme Court of Alabama. Oct. 14, 1926.)

**1. New trial ☜7.**

Granting of new trial at request of plaintiff recovering judgment 'of $1 can only be rested on inadequacy of sum awarded.

**2. New trial ☜75(1).**

Verdict cannot be set aside for excessive or inadequate damages unless produced by passion, prejudice or improper motive.

**3. Trespass ☜67.**

Evidence of damages for inconvenience suffered by plaintiff suing in trespass being in conflict was for jury.

**4. New trial ☜75(2)—Verdict of damages in trespass is not to be set aside merely because trial court feels that a larger sum would have been awarded if left to its determination.**

Where there was no showing of improper conduct by jury in determining damages for trespass, verdict is not to be set aside merely because trial court feels that a larger sum would have been awarded if left to determination of court.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action by G. W. Andrews against the Alabama Fuel & Iron Company. From a judgment setting aside the verdict, defendant appeals. Reversed and rendered.

Percy, Benners & Burr, of Birmingham, for - appellant.

Where a verdict is rendered for the plaintiff, the only question which can be considered on a motion for new trial at his instance is the inadequacy of damages. Mobile & O. R. Co. v. Brassell, 188 Ala. 349, 66 So. 447; Birmingham v. Cain, 17 Ala. App. 489, 86 So. 124. It was the exclusive function of the jury to fix the damages, and the trial court cannot be justified in setting aside the verdict, unless it was so inadequate as plainly to indicate that it was produced by passion, prejudice, or improper motive. Authorities supra; Montgomery L. & T. Co. v. King, 187 Ala. 619, 65 So. 998, L. R. A. 1915F, 491, Ann. Cas. 1916B, 449; Tenn. Valley Bank v. Osborn, 17 Ala. App. 561, 86 So. 160.

H. M. Abercrombie and Edgar Allen, both of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

GARDNER, J. Appellee recovered a judgment for $1 against appellant in this trespass action, which, upon motion of plaintiff, was set aside. Defendant prosecutes this appeal to review the ruling of the court in setting aside said judgment.

For a report of the former appeal in this cause see Alabama Fuel & Iron Co. v. Andrews, 212 Ala. 336, 102 So. 799, where a sufficient outline of the case appears without necessity for repetition here.

[1] As the verdict in this case was for the plaintiff, the action of the trial court in granting a new trial could only properly be rested upon the inadequacy of the sum awarded. Mobile & Ohio R. Co. v. Brassell, 188 Ala. 349, 66 So. 447.

[2] We are not favored with brief by counsel for appellee, and there is nothing in the record indicating the view of the trial court other than the ruling on the motion. The rule by which this court is governed in cases of this character is expressed in the following language from Mobile & Ohio R. R. Co. v. Brassell, 188 Ala. 351, 66 So. 448:

"The jury saw and heard the witnesses, and it was peculiarly within their province to determine whether or not the plaintiff sustained any substantial damages as the proximate result of the wrong complained of, and which they found to exist. This being a case where the law provides a trial by jury, the trial court was invested with no right to set aside the verdict for either excessiveness or inadequacy alone, unless the amount allowed by the verdict was so excessive or inadequate as to plainly indicate that the verdict was produced 'by passion or prejudice or improper motive.'"

[3] There was evidence from which the jury was authorized to conclude plaintiff suffered no real substantial damage to any of his goods—with particular reference to the piano—the evidence upon this question being in sharp conflict. The question of damages for any inconvenience suffered was one peculiarly within the province of the jury (National Surety Co. v. Mabry, 139 Ala. 217, 35 So. 698; Montgomery Lt. & Traction Co. v. King, 187 Ala. 619, 65 So. 998, L. R. A. 1915F, 491, Ann. Cas. 1916B, 449), and there was evidence tending to show that another house had been provided, but that the move was made to the house of plaintiff's daughter 300 feet away at the request of the wife of plaintiff, and with his knowledge and consent. Upon this question also the evidence was in conflict.

[4] The trial court fully and carefully charged the law of the case to the jury. The evidence was not lengthy, the witnesses were few, and the questions of law free from difficulty. There is nothing whatever in the record giving the slightest indications of any improper conduct or anything tending to sway the jury from a conscientious and rightful discharge of its duty. In cases of this character the verdict is not to be set aside merely because the trial court should feel that a larger sum would have been awarded if left

to the determination of the court. Nat. Surety Co. v. Mabry, supra.

To justify the action of the trial court in the instant case, the sum awarded must plainly indicate that the verdict was produced by "passion or prejudice or improper motive." Mobile & Ohio R. R. Co. v. Brassell, supra. We have examined the evidence with painstaking care, and we are unable to conclude from this record that the verdict was so produced.

We are therefore of the opinion the verdict rendered should not have been disturbed. The judgment granting the motion for a new trial will be reversed and one here rendered overruling the said motion.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.