13 So.2d 780

**MASSEY v. ABNEY.**

**8 Div. 310.**

Court of Appeals of Alabama.

June 1, 1943.

Marion F. Lusk, of Guntersville, for appellant.

Brown & Conway, of Albertville, for appellee.

RICE, Judge.

Action in tort by appellee (plaintiff in the court below) against appellant (defendant) wherein there was a recovery by the plaintiff—by the verdict of a jury—of the sum of One Dollar, as damages.

Upon this verdict, judgment was rendered as follows, to-wit: "It is therefore considered and adjudged by the court that the plaintiff have judgment and recover of the defendant the sum of $1.00, the amount assessed as damages by the jury together with the costs of the *prosecution* (sic), for which let execution issue."

Plaintiff, appellee, apparently recognized that this judgment, as for "costs", was not correct; hence moved the court, in writing, to certify "that greater damages should have been awarded to plaintiff."

This the court failed—hence refused—to do; but, instead, "ordered that the plaintiff be taxed with costs in amount of $70.55 and defendant be taxed with costs in amount of $103.55."

We assume the court acted under the provisions of Sec. 65 of Title 11 of the Code of 1940—thought by him to apply.

But this was error.

The applicable Section of the Code of 1940 is Section 67 of Title 11. Dothan Chero-Cola Bottling Co. et al. v. Weeks, 16 Ala.App. 639, 80 So. 734; Holloway et. al. v. Henderson Lumber Co., 203 Ala. 246, 82 So. 344.

By the express provision of this latter section "in all actions to recover damages for torts, the *plaintiff recovers no more costs than damages,* where such damages do not exceed twenty dollars, unless the presiding judge certified that greater damages should have been awarded; and on failure to certify, *judgment must be rendered against the plaintiff for such residue."* (Italics ours).

It is plain that the judgment here appealed from must be reversed; and the cause remanded, in order that judgment may be rendered in favor of the plaintiff there, and against the defendant, for $1 as damages and $1 as costs. And that judgment may be there rendered against the plaintiff and in favor of the defendant for the residue of such costs—that is, the residue after the deduction of $1.

It is so ordered.

Reversed and remanded.