27 So.2d 801

### SIMS v. WARREN et al.
### 6 Div. 249.

Court of Appeals of Alabama.
Aug. 1, 1946.

Rehearing Denied Oct. 8, 1946.

M. B. Grace and R. J. Hagood, both of Birmingham, for appellant.

R. J. McClure and F. W. Davies, both of Birmingham, for appellees.

**CARR, Judge.**

Appellant brought suit in the court below for personal injury damages, which in her complaint she claims she suffered on account of stumbling or tripping over a raised area on the surface of the floor in a waiting room of a bus station. The elevation is described in the evidence as being in the aisle of the seats in the room. A cut off portion of a pipe had been covered with cement plaster. The cement covered place was about twelve inches in diameter and was practically flush with the floor at the base. It was circular in form and gradually tapered to about the height of one and one-half inches above the floor level.

The Warren Bus Company, the Mize Bus Company, and the Clelland Bus Company were made defendants.

It appears that the three defendants were each engaged in the business of conveying passengers for hire. The Warren Bus Company had leased the building in question and in turn had given, for a monthly

monetary consideration, to each of the other two defendants the right to the use of the building, including the conveniences of the waiting room.

The plaintiff below operated a cafe across the street from the bus station. On the occasion in question a bus driver, employed by one of the defendant companies, called over long distance telephone to speak to a lady employee of the appellant. The call was made to the phone in the cafe. At the time, the driver was off duty and the message related to a business matter with which none of the defendants was in any way connected. The lady had already left the cafe and had boarded a waiting bus across the street. The plaintiff attempted to locate the person who was desired at the phone, and in search of her went into the waiting room at the bus station. Then it was she received her injuries in the manner above outlined.

When the introduction of the testimony had concluded, the trial judge denied the general affirmative charge to the Warren Bus Company, but gave a similar charge for each of the other defendants.

The verdict of the jury was for the plaintiff and against the Warren Bus Company, and her damages were assessed at $100.

This appeal is by the plaintiff in the lower court.

■ It is urged in brief of counsel that the general affirmative charge was also due the Warren Bus Company. In the state of the record we are not permitted to decide this question. There are no cross assignments of error. Supreme Court Rule 3, as amended, Code 1940, Tit. 7 Appendix, 240 Ala. XVI; Barr v. Weaver, 132 Ala. 212, 31 So. 488.

■ Appellant, plaintiff below, presses the position that the trial court erred in giving the general affirmative charge for the Mize Bus Company and the Clelland Bus Company. In this contention we cannot concur.

Under the undisputed evidence at the time appellant received her injuries she was not an invitee in the waiting room, but at most was only a mere licensee. In view of these uncontradicted facts, the only duty imposed on the defendants was not to willfully or wantonly injure her or not to negligently injure her after her peril was discovered. McElvane v. Central of Ga. R. Co., 170 Ala. 525, 54 So. 489, 34 L.R.A.,N.S. 715; Whaley v. Louisville & N. R. Co., 186 Ala. 72, 65 So. 140, 52 L.R.A.,N.S., 179.

The allegations in the complaint that the plaintiff was in the waiting room by invitation of the defendants fails in the proof.

■ As we have observed, the judgment in the court below was in favor of the plaintiff as against the defendant, Warren Bus Company. Under these circumstances the only complaint appellant can make on appeal as to this defendant is the quantum of damages. Beatty v. McMillan, 226 Ala. 405, 147 So. 180; Holloway v. Henderson Lumber Co., 203 Ala. 246, 82 So. 344.

■ The inadequacy of the jury's verdict is posed as a ground in the motion for a new trial. The measure of damages was uncertain and they were not capable of being fixed by any rule of exact precision. We will not disturb the order of the trial judge in his rulings on the motion. Clearly, there is no indication and no insistence is made that the verdict of the jury was produced by passion, prejudice or improper motive. Alabama Fuel & Iron Co. v. Andrews, 215 Ala. 92, 109 So. 750.

The conclusions herein expressed and the disposition we have made of this appeal make it unnecessary to treat the other questions upon which the remaining assignments of error are predicated.

The judgment of the primary court is ordered affirmed.

Affirmed.

### On Rehearing

In the original opinion we stated: "On the occasion in question a bus driver, employed by one of the defendant companies, called over long distance telephone to speak to a lady employee of the appellant."

In brief on application for rehearing appellant's counsel points out that we confused the facts in our statement quoted above. Upon a re-examination of the record we find counsel is correct. We observe that witness Gill answered in the affirmative to the following question: "In other words, you called that cafe where she worked, is that right?" It appears that reference is here

made to the appellant and not to the lady with whom witness desirèd to speak over long distance phone.

Whether or not the lady was an employee at the cafe operated by appellant can have no influence on the issue in the case.

Application for rehearing overruled.