139 So.2d 614

**James Daniel HUNTER**

**v.**

**Leroy C. SCHEMBS.**

**6 Div. 369.**

Supreme Court of Alabama.

March 29, 1962.

LeMaistre, Clement & Gewin and Perry Hubbard, Tuscaloosa, for appellant.

deGraffenried, deGraffenried & deGraffenried, Tuscaloosa, for appellee.

COLEMAN, Justice.

This is an appeal by defendant from a judgment granting plaintiff's motion for a new trial in a tort action, wherein a verdict, in the amount of $1,750.00, had been returned in favor of the plaintiff and judgment rendered thereon. The only error assigned is the ruling granting plaintiff's motion.

Plaintiff sued to recover for injury to his person and damage to his automobile arising out of a motor vehicle collision. The issue of liability was decided in favor of plaintiff, and the circumstances of the collision are not material on this appeal.

■ Since the verdict was for the plaintiff, the only ground upon which plaintiff's motion for a new trial could properly be granted is that the verdict was inadequate. Mobile & Ohio R. Co. v. Brassell, 188 Ala. 349, 66 So. 447; Alabama Fuel & Iron Co. v. Andrews, 215 Ala. 92, 109 So. 750. The reason for confining plaintiff's right to new trial, in such case, to the ground of inadequacy of the verdict, appears to be that because the jury has found the issue of liability in favor of plaintiff, all other errors are without injury to him, and, therefore, he cannot complain of other errors.

■ The evidence shows that plaintiff incurred medical expense in the amount of $947.05. We understand that this evidence is not disputed. Plaintiff testified that the value of his automobile was $2,000.-00, before the collision and $200.00 immediately afterward. We have found no evidence to the contrary.

In view of another trial, we limit discussion of the details of the evidence going to show plaintiff's pain and suffering. He was in a hospital undergoing sedation, traction, and other treatment for 19 or 20 days. He had some years previously been operated on for pain in his neck and one arm. The operation was on account of a "ruptured intervertebral disc in his neck." It appears that, four years before the instant injury, plaintiff had almost completely recovered from the condition which prompted the previous operation. Expert testimony indicated that plaintiff, in the instant injury, had suffered a "cervical sprain superimposed upon a previous injury which had been asymptomatic." We understand this to mean that the previous injury, or the condition produced by it, was aggravated so that a dormant condition was caused to become an active one, causing pain and stiffness of the back or neck and disabling plaintiff from doing his accustomed work. At the time of trial, about five months after the instant injury, plaintiff had recovered to some extent, but was wearing a sort of collar and experiencing some pain. There is the testimony of plaintiff's physician that plaintiff's "pain and headache, constant headache, and so on, should gradually subside and get better in perhaps six months or a year." These tendencies of the evidence as to plaintiff's pain and suffering, in the substantial aspects thereof, are uncontradicted, although there is testimony which may tend to support an inference that the duration and intensity of plaintiff's pain may possibly be less than we have indicated.

Disregarding pain and suffering, the evidence shows pecuniary damage of slightly more than $2,700.00.

Defendant insists that plaintiff is not entitled to recover for damage to the automobile because he failed to prove title to it. We do not agree. Possession in the plaintiff of a bailed chattel, as against a wrongdoer without title who injures it, will sustain an action against the wrongdoer. Hare v. Fuller, 7 Ala. 717; Morris v. Crumpton, 259 Ala. 565, 67 So.2d 800, 39 A.L.R.2d 58.

Defendant relies on the rule which was approved by this court in reversing a judgment granting a new trial to the plaintiff, who had recovered a verdict for personal injury, as follows:

> "* * * 'It may be conceded that where there is no standard for measuring damages, and no certain rule can be prescribed for the guidance of the jury, the court should not ordinarily grant a new trial, although the damages awarded by the jury appear to be manifestly too small. In such case of incertitude in the measure of damages, the matter must be left to the discretion of the jury, nor should its verdict be disturbed on its finding, * * * except in those cases where it has been plainly produced by prejudice or passion or other improper motive.'" Montgomery Light & Traction Co. v. King, 187 Ala. 619, 620, 65 So. 998, L.R.A.1915F, 491.

In Alabama Great Southern R. Co. v. Randle, 215 Ala. 535, 112 So. 112, however, this court affirmed a judgment setting aside a verdict for the plaintiff and granting his motion for new trial on the ground of inadequacy of the verdict, in an action for personal injury and damage to plaintiff's automobile. The court took notice of the rule in Montgomery Light & Traction Co. v. King, supra, and said:

> "This rule does not deny that there may be cases, even of injuries not measurable by any legal standard, where the proven injuries are so severe and extensive that a court would be fully justified in setting aside a grossly inadequate verdict; that is, one which fails to give substantial compensation for substantial injuries. (Citations Omitted.)

> \*    \*    \*    \*    \*    \*

> "* * * we are committed to the principle that 'the court has the superintendence of juries in matters of fact, and will grant a new trial when it has strong reason to believe a jury has erred, capriciously or ignorantly, as to the credibility of the testimony.' Wolf v. Doe ex dem. Delage, 150 Ala. 445, 447, 43 So. 856, 857.

> "No doubt the trial court took into consideration, besides the items of measurable pecuniary damage, the substantial injuries inflicted on plaintiff, and the serious and protracted suffering and inconvenience that resulted. And, if it concluded, as it may be assumed it did, that the jury had overlooked substantial elements of damage, or had capriciously rejected uncontradicted testimony inherently probable and credible, that conclusion—well justified by the evidence as a whole—ought not to be disturbed." (215 Ala. 535, 537, 538, 112 So. 112, 113.)

In Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447, in an action for personal injury, this court reversed the trial court and rendered a judgment granting a new trial to the plaintiff because "this verdict does not award substantial damages for substantial injuries."

In Seitz v. Heep, 243 Ala. 376, 10 So.2d 150, in an action for personal injury, this court reversed the trial court and granted a new trial to the plaintiff on account of the inadequacy of the amount of the verdict.

Decisions granting new trials will not be reversed unless the evidence plainly and palpably supports the verdict. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

In the light of the above cited cases, we are of opinion that the evidence in this case does not plainly and palpably support the amount of the verdict, and, therefore,

that the judgment granting a new trial is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.