151 So.2d 791

**John W. DUNN**

**v.**

**A. K. EASLEY.**

**I Div. 910.**

Court of Appeals of Alabama.

April 2, 1963.

Chason & Stone, Bay Minette, for appellant.

J. B. Blackburn and Jas. R. Owen, Bay Minette, for appellee.

CATES, Judge.

Mr. Dunn, the plaintiff below, appeals from a judgment in his favor. He assigns as error the trial judge's overruling his

motion for new trial. He says there was manifest error because the jury's award for $804.77 was legally inadequate.

If a man loses an eye from a hunting companion's wild shot, has a jury given him inadequate damages in awarding him only (albeit precisely) the sum of his medical and hospital bills?

We state the tendencies of the evidence implicit in the verdict: Messrs. Dunn and Easley were on a dove shoot. Another man's shot crippled a bird. It came on toward Mr. Easley and then veered off flying "about head high" on (or near) a line between Easley and Dunn. Easley fired: he hit the bird and Dunn's right eye.

Code 1940, T. 7, § 276, recognizes "inadequate damages" as a permissible reason for granting a motion for new trial "filed within thirty days from entry of judgment."

■ Had the trial judge granted Dunn's motion, then under Hunter v. Schembs, 273 Ala. 304, 139 So.2d 614, we should be compelled to affirm.

A verdict for the plaintiff in a negligence action is *first,* the jury's finding of liability and, *second,* a fixing of an award which they consider adequate to compensate the plaintiff (so far as money may do so) for the wrong done him.

■ The verdict below is a "judgment" on a question of fact as to liability. Hence, for this appeal, we must deal with Mr. Easley's shot as an act which a jury has found to be negligent.

From this premise, it follows that the same lack of care which led to Dunn's having to pay doctors and hospital bills must all the more be taken herein as the cause of his losing his eye.

Had the jury fixed more or less than the exact total of Dunn's undisputed cash outlay, we should be harder put to say what made up their award. Then it might be said that they were not reasonably satisfied of the fairness of the price paid for one or more items, simultaneously giving X dollars for special damages, Y dollars for pain and suffering, and Z dollars for permanent loss or disfigurement or both, lumping the total merely as X, Y and Z dollars "as damages."

Ordinarily, a lump-sum award in a general verdict under a simple negligence count (particularly if for more than nominal damages) is (on legal review of it alone) treated as a rock-like unit. Little v. Sugg, 243 Ala. 196, 8 So.2d 866. "* * * the verdict itself, in the light of the facts clearly disclosed by the evidence, usually furnishes the determining data." Bouldin, J., in Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447.

Here, the exactitude of the amount returned reveals a line of cleavage. It is improbable that this sum could have come from the evidence other than by adding up the items the plaintiff lists. We consider the jury was satisfied with the proof of medical and hospital bills.

The verdict so analyzed is, therefore, an implied reciprocal finding of no other compensation. In this the jurymen ignored the surest salient fact—the heart of the affair —that Mr. Dunn lost his eye.

We do not doubt that it is painful to be hit in the eye and also to have one's eyeball removed. But, for this case, we put to one side the way to weigh pain and suffering.

Had Mr. Dunn merely been temporarily hurt, the case would have been different. The capital loss of the eye itself, however, is a stark and irreversible reality.

Though Mr. Dunn may now be able to see as well as before, yet he has the use of only half of what God gave him to see with. He is somewhat like a motorist without a spare tire.

To ignore the jury's failure to compensate Dunn for his eye, would be for us as a matter of law to stamp approval on an inconsistent verdict. Birmingham Ry., Light & Power Co. v. Coleman, 181 Ala. 478, 61 So. 890. Being "just a bit to blame" in

negligence is as paradoxical as being partly pregnant.

Under the rule laid down by our Supreme Court, we consider we must reverse the judgment below. Yarbrough v. Mallory, supra; Kraas v. American Bakeries Co., 231 Ala. 278, 164 So. 565. See also Harwood, J., in Conner v. Hamlin, 33 Ala. App. 54, 29 So.2d 570; Anno. 20 A.L.R.2d 276. For a well reasoned opinion see Duncan, J., in Gomes v. Roy, 99 N.H. 233, 108 A.2d 552.

Accordingly, we render judgment granting the motion for new trial.

Reversed and rendered.