This is an appeal by plaintiffs from the denial of a motion for new trial. The only issue is the inadequacy of the damages awarded.
The cases of Stephen Williams and his wife, Lugrether Williams were consolidated for trial and for appeal. The cases arose out of an automobile accident. After trial the jury returned a verdict in favor of Stephen Williams in the amount of $5,515.59 and one in favor of Mrs. Williams in the amount of $1,224.40. Motion for new trial on the inadequacy of each verdict was denied.
The essence of plaintiffs' argument is that the amounts of the verdicts are precisely the amounts of the proven specials and nothing was awarded for injury and pain and suffering. In Mr. Williams' case the undisputed amount of medical expense was $1,436.59. His testimony was that he lost wages of $2,800.00 and his truck was a total loss and was of the value of $1,200.00. These figures total $5,436.59, only $79.00 less than the verdict of the jury.
Mrs. Williams' medical expenses totaled $1,017.40 including a stated error of $6.00 in the hospital bill. She stated she lost $207.00 in wages before she was able to return to work. The total of these figures is $1,224.40, the exact amount of the verdict in her case.
Plaintiffs submit that verdicts in these amounts require the conclusion that damages were awarded only for medical and earnings loss with no award for the permanent impairment nor for pain and suffering.
Defendant suggests that though the amounts of the medical bills were undisputed, there was conflict in the evidence as to whether Mr. Williams lost wages and whether his valuation of his truck was correct. The contended conflict as to loss of wages really was as to whether he was employed. Mr. Williams stated he was employed as a janitor at a salary of $200 per month when injured and he was unable to perform such work afterward. Defendant presented a witness who knew Williams and had been in close contact with him for several years. The witness stated that so far as he knew Williams was not employed other than on his small farm. However, *Page 1174 
the witness admitted the possibility that he could have been employed without his knowledge.
Defendant further contends conflict in the testimony as to the truck. Williams stated the model year to be 1969 with a value of $1,200. The highway patrolman who investigated the accident stated the model year of the truck was 1965.
It is suggested by defendant that the jury, after consideration of the evidence, could have determined that Williams was not employed and had suffered no loss of wages, and that the jury could have determined that the truck was a 1965 model and not worth the $1,200 set by plaintiff as the value of a 1969 model. If it made one or both of these determinations, the verdict could include an award for pain and suffering and for permanent injury.
It has been stated that the verdict of a jury is clothed with a presumption of correctness and such presumption is strengthened by a denial of a motion for new trial. Prescott v.Martin, 331 So.2d 240 (Ala. 1976). It has further been the rule in this state since Cobb v. Malone Collins, 92 Ala. 630,9 So. 738 (1890) that such presumptions are considered when a jury award is challenged on the ground of inadequacy of damages and the reviewing court will reverse only if the preponderance of the evidence against the verdict is so great as to convince the court that it is wrong and unjust. Grayson v. Alexander,347 So.2d 108 (Ala.Civ.App. 1977).
In applying the rule of Cobb v. Malone Collins, supra, various views have been expressed. One test applied has been whether the verdict gives substantial compensation for substantial injury. Walker v. Henderson, 275 Ala. 541,156 So.2d 633 (1963); Yarbrough v. Mallory, 225 Ala. 579,144 So. 447 (1932). A second test is whether the verdict is enough to compensate for proven expenses. Alabama G.S. RR. v. Randle,215 Ala. 535, 112 So. 112 (1927). Another test is whether after covering proven expenses the verdict compensates for proven pain and suffering. King v. Sturgis, 45 Ala. App. 553,233 So.2d 495 (1970).
These tests are easily applied, where the evidence is without conflict and is documented; however, when some of the evidence is opinion and only one opinion, there arises the question of what latitude the jury has in weighing such evidence. It has been said that opinion evidence, even of experts and without conflict, is not conclusive upon the jury. O'Neill v. City ofBirmingham, 221 Ala. 580, 130 So. 87 (1930).
 "It is the duty of the jury to duly weigh and consider all evidence offered in the cause, but if upon due consideration they are not impressed with the expert evidence, which is not binding on them, then they may disregard the same." Batterton v. City of Birmingham, 218 Ala. 489, 119 So. 13 (1928).
Thus we were formerly impressed that though there was unconflicting opinion evidence of value or damage, the jury was yet not bound to that amount but could return a verdict for a lesser amount in light of their own knowledge and experience in determining values. O'Neill v. City of Birmingham, supra.
In light of recent decisions of the Supreme Court, our impression of the right of the jury to reach its own conclusion of value in spite of unconflicting opinion evidence has changed.
In the recent case of Stone v. Echols, 351 So.2d 902 (Ala. 1977), there was uncontradicted testimony by the owner that his totally destroyed 1972 Pontiac automobile was of the value of $4,500. The jury returned a verdict for $4,000. The Supreme Court, citing the decision in Farmers Ginners Cotton Oil Co.v. Reliance Ins. Co., 341 So.2d 147 (Ala. 1976) said:
 "The jury's verdict of $4,000.00 in light of uncontradicted testimony that the car was worth $4,500.00 is unsupported by the evidence and must be set aside. Farmers Ginners Cotton Oil, supra."
The only reasonable conclusion to be reached from these decisions is that a jury verdict for damages cannot stand if it varies from an uncontradicted opinion of value. *Page 1175 
Therefore, we find that the testimony of the witness that he knew of no employment by plaintiff Williams did not contradict the testimony of plaintiff as to his loss of wages. Neither did the testimony of the trooper that the truck was a 1965 model contradict plaintiff's opinion that his truck was of the value of $1,200.00. With such finding we must conclude that the jury, having determined defendant to be liable in damages, could find his special damages to be no less than the sum of the medical bills, the lost wages and the opinion value of the truck, said sum being $5,436.59. That being the case, the verdict of $5,515.59 must be set aside. It awards only $79.00 for pain and suffering of his injuries and aggravation of his arthritic condition and permanent injury. Such an award is so little in today's inflated economy as to amount to no award at all.Yarbrough v. Mallory, supra. The verdict in Mrs. Williams' case is even less arguably proper than that of her husband. The verdict in her case was in the exact amount of the sum of her medical bills and testimony of lost wages. The argument of defendant that her testimony was subject to an inference that she did not have to remain off her work so long due to her injury is not reasonable. Though her injuries were not extreme, she was bruised and shaken, and spent some ten days in the hospital. Her injuries must be considered to have been accompanied by some compensable pain and suffering. Such injury, coupled with the fact that her verdict was in the amount of her specials to the penny, clearly indicates that the verdict was arrived at by adding up the specials without provision for pain and suffering. The verdict falls within the decisions of Dunn v. Easley, 42 Ala. App. 51, 151 So.2d 791
(1963); Yarbrough v. Mallory, supra, and Lipham v. McElroy,57 Ala. App. 96, 326 So.2d 290 (1976) and must be set aside.
The judgments in each case are reversed and the cases remanded.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.